22227

John W. TRACEY, II, Respondent, v. SCONNIX BROADCASTING OF SOUTH CAROLINA, INC., Appellant.

(325 S. E. (2d) 542)

Supreme Court

*Morris D. Rosen* of *Rosen, Oberman & Rosen,* Charleston, *for appellant.*

*J. Kevin Holmes* of *Steinberg, Levkoff, Spitz & Goldberg,* Charleston, *for respondent.*

Heard Jan. 9, 1985.

Decided Jan. 30, 1985.

LITTLEJOHN, Chief Justice:

In this action John W. Tracey, II, plaintiff-respondent, sued Sconnix Broadcasting of South Carolina, Inc., defendant-appellant, for damages resulting from the breach of his sales manager employment contract. After submission of all of the evidence, the employer moved for a directed verdict which was denied. The jury returned a verdict of $10,000 for the employee. Thereafter, counsel of the employer moved for a new trial outright or alternatively for a new trial *nisi.* The judge refused a new trial outright, but found the award unduly liberal and ordered a new trial unless the employee remit $2,000 of the verdict. The employee agreed. The employer has appealed submitting that the trial judge erred in failing to direct a verdict and submitting that a new trial should be granted because the evidence does not support damages of $8,000. We affirm.

The employee and the employer entered into a written contract which provided that the employee would act as sales

manager for radio station WTMA for one year commencing February 1, 1981. The terms of the contract provided for an annual salary of $24,000, a commission of 1½% gross advertising sales, the use of an automobile and insurance benefits. During the first four months of the contract, sales were substantially less than during the same period the previous year. The employer elected to restructure the sales department and change this employee's duties and job title to that of assistant sales manager. In this capacity, he was to continue to receive a guaranteed salary of $24,000 a year or 15% of his own sales, the use of an automobile and insurance benefits.

The employee refused to continue under this arrangement contending that he had been constructively discharged. This action is for damages he allegedly sustained during the last eight months of the contract period. Prior to the judge's charge, counsel for the employer moved that the amount of recovery be limited to a maximum of $10,681 which was agreed to by counsel for the employee.

In *Freeman v. King Pontiac Co.*, 236 S. C. 335, 114 S. E. (2d) 478 (1960), we held that even when one is employed for a definite time period, the employer may discharge the employee for good cause without incurring liability for breach of contract.

> When an employee is engaged to fill a particular position, any unjustified reduction of rank or material change of duties of the employee is a violation of the terms of the contract and will support an action by the employee for damages for breach of contract. See, 53 Am. Jur. (2d) *Master and Servant* § 44. It is argued that the income from the new employment would have been equal to and possibly in excess of that earned under the terms of the original contract; but salary and income, though relevant, are not controlling.

> When an employee contracts to fill a particular position any material change in duties or significant reduction in rank constitutes a constructive discharge which, *if unjustified*, is a breach of the contract.

*Brock v. Mutual Reports, Inc.*, 397 A. (2d) 149 (D. C. App. 1979).

We are of the view that the whole of the evidence made issues of the fact for the jury rather than merely issues of law to be determined by the judge. In other words, the evidence is susceptible of more than one reasonable inference. Accordingly, we hold that the trial judge did not err in failing to direct a verdict.

We also find that the evidence is reasonably susceptible of the inference that the employee suffered damages in the amount of $8,000. The exception relating thereto is also without merit.

Affirmed.

NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.