Gilman **ANDERSON** and Gladys
Anderson, Plaintiffs,

v.

**WORLDWIDE CHURCH OF GOD** and
**Ambassador College**, Defendants.

No. Civ. 6–85–1024.

United States District Court,
D. Minnesota,
Sixth Division.

March 19, 1987.

See also, 661 F.Supp. 1401.

Thomas A. Harder, Erickson, Zierke, Kuderer, Myster, Madsen & Wollschlager, Fairmont, Minn., for plaintiffs.

Lee Boothby, Washington, D.C., Jan Stuurmans, Stuurmans and Karan, Minneapolis, Minn., for defendants.

## ORDER

DEVITT, District Judge.

Defendants move for summary judgment pursuant to Fed.R.Civ.P. 56 on plaintiffs' two count complaint alleging fraud and undue influence. The parties submitted memoranda and supporting documents and presented oral argument. The court held decision on defendants' motion in abeyance pending a decision on plaintiffs' previously filed discovery motion. After the magistrate's ruling on the discovery motion, the parties submitted supplemental memoranda on the summary judgment motion and defendants appealed one part of the magistrate's order.

The court has thoroughly considered all of the parties' submissions and finds that

defendants are entitled to summary judgment on both the fraud and undue influence claims.

Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the nonmoving party and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in the pleadings and affidavits. *Economy Housing Co. v. Continental Forest Products, Inc.*, 757 F.2d 200, 203 (8th Cir.1985). There is no issue for trial, however, unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, — U.S. —, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Despite ample opportunity for discovery, plaintiffs have not produced evidence supporting their claims. Plaintiffs based their claims on defendants' alleged fraudulent representations that the world was coming to an end. Due to the First Amendment protections afforded religious beliefs and doctrine, plaintiffs have attempted to establish that these representations were insincere and coupled with non-religious misrepresentations. They contend defendants' insincerity is established by their continued maintenance of their assets and their failure to prepare for the end of the world. Official Worldwide Church of God doctrine, however, is that the Church and its members must continue to lead their lives normally and that deliverance to a place of safety would come only by supernatural means, not physical means. The deficiencies in plaintiffs' claim of insincerity are further exasperated by the plaintiffs' own admissions that local ministers sincerely believed the alleged misrepresentations. Plaintiffs' inability to establish the falsity or insincerity of defendants' representations is fatal to both of their claims. Furthermore, the elements of reasonable reliance and susceptibility to influence are negated by plaintiffs' admission that they acted intelligently and freely.

Defendants have made a strong showing that they are entitled to the protections of the First Amendment and that they are entitled to judgment on both claims as a matter of law. Resolution of their appeal to the magistrate's discovery order is unnecessary to this decision, and consequently moot.

Based on all files, records, and proceedings in this case,

IT IS ORDERED that:

Defendants' appeal from the magistrate's order dated November 5, 1986, is MOOT.

Defendants' motion for summary judgment is GRANTED.