Gilman K. **ANDERSON** and Gladys Anderson, Plaintiffs,

v.

**WORLDWIDE CHURCH OF GOD, and Ambassador College, Jerry Pavek, Robert Dvorsak, Raymond Dvorsak, Magdeline Trosil, Eleanora Chermak, Warren Hovren, Maureen Fjoslien, Lois Blumer, James Sheldon Ewing, and Gertrude McIver, and all other heirs of Roy S. Dvorsak and Christine Dvorsak, O.A. Hovren and Edith Hovren and James Ewing and Alice May Ewing, also all unknown persons claiming any right, title, estate, interest, or lien in the real estate described in the Complaint herein, Defendants.**

No. Civ. 6–86–1060.

United States District Court,
D. Minnesota,
Sixth Division.

June 9, 1987.

See also, 661 F.Supp. 1400.

Thomas A. Harder, Erickson, Zierke, Kuderer, Myster, Madsen & Wollschlager, Fairmont, Minn., for plaintiffs.

Lee Boothby, Washington, D.C., Jan Stuurmans, Stuurmans and Karan, Minneapolis, Minn., Jeffrey A. Lowery, for defendants.

## ORDER

DEVITT, District Judge.

This is an action to quiet title to certain real estate transferred by plaintiffs to defendants by warranty deed in June 1969. Plaintiffs claim title to the land by adverse possession.

Plaintiffs move to remand the action to state court. Defendants oppose the motion and move for summary judgment. The parties have submitted legal memoranda and have presented oral argument. Only defendants have submitted supporting documents and affidavits.

### Plaintiffs' Motion to Remand

Plaintiffs argue that defendants' petition for removal was untimely. The action was filed on July 16, 1986, in the Pope County District Court in Minnesota. Defendants filed their petition for removal on December 22, 1986. The complaint filed in the state court action named multiple defendants in addition to the movants, Worldwide Church of God and Ambassador College, but alleged that only the movants claimed title adverse to plaintiffs.

Where the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant of a paper from which it may ascertain that the case is removable. 28 U.S.C. § 1446(b). Defendants argue that they first received notice that this case was removable when they received plaintiffs' answers to interrogatories on November 21, 1986.

On the face of the complaint, the claims were ambiguous. Multiple defendants were named in the caption, but the single cause of action named only the movants as claiming an adverse interest. The answers to interrogatories confirmed that plaintiffs had no colorable cause of action against any of the named defendants except the movants. This conclusion was further supported by the title opinion commissioned by defendants and representations made by plaintiffs' counsel at the hearing. Absent a reasonable basis for plaintiffs' naming the nondiverse defendants, removal

was proper on the grounds of fraudulent joinder, *Anderson v. Home Insurance Co.,* 724 F.2d 82, 84 (8th Cir.1983), and the separate and independent nature of the claim against defendants, 28 U.S.C. § 1441(c). Therefore, plaintiffs' motion for remand is denied and the nominal party defendants are dismissed.

*Defendants' Motion for Summary Judgment*

The court is familiar with the facts of this case, having recently disposed of the related action, *Anderson v. Worldwide Church of God,* 661 F.Supp. 1400 (D.Minn. 1987). After ample opportunity for discovery, the plaintiffs' fraud and undue influence claims were dismissed and summary judgment was entered for defendants. This adverse possession action arises out of the identical facts of the related case.

Rule 56 "mandates the entry of summary judgment, . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* — U.S. —, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The nonmoving party is obligated to go beyond the pleadings to designate specific facts showing that there is a genuine issue for trial. *Id.* at 2553. As to the quantum and quality of proof required to defeat a summary judgment motion, the court will take into account the "clear and convincing standard of proof" where applicable. *Anderson v. Liberty Lobby, Inc.,* — U.S. —, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

Under Minnesota law, to gain title by adverse possession, "the disseizor must show, by clear and convincing evidence, an actual, open, hostile, continuous, and exclusive possession for the requisite period of time." *Roemer v. Eversman,* 304 N.W.2d 653 (Minn.1981). All elements are equally necessary to establish adverse possession; the claim will fall in the absence of any one element. *Meyers v. Meyers,* 368 N.W.2d 391, 393 (Minn.App.1985).

Defendants claim that plaintiffs' use of the land in question has been per-

missive. The plaintiffs' deposition testimony and other documents confirm that they deeded one-half of their farm to defendants as a donation in June 1969. At that time, the defendants agreed to allow plaintiffs to continue seeding and working the land indefinitely. This original permissive use of the land raises the presumption that continued use is permissive, rather than hostile, until the contrary is affirmatively shown. Despite the defendants' clear showing of a permissive use, plaintiffs have failed to come forward with facts to rebut the presumption. Accordingly, defendants' motion for summary judgment is granted.

Based on the foregoing, and all files, records, and proceedings in this action,

IT IS ORDERED that:

Plaintiffs' motion to remand is DENIED and all defendants except Worldwide Church of God and Ambassador College are dismissed.

Defendants' motion for summary judgment is GRANTED.