Hoyt M. LONG, Plaintiff,

v.

**LOCKHEED MISSILES AND SPACE COMPANY, INC. and C. Thomas Cook, Defendants.**

Civ. A. No. 2:91–519–IJ.

United States District Court,
D. South Carolina,
Charleston Division.

Feb. 4, 1992.

Hans F. Paul, North Charleston, S.C., for Hoyt M. Long.

David Brian McCormack, Charleston, S.C., for Lockheed Missiles and Space Co., Inc.

Morris Dawes Cooke, Jr., Charleston, S.C., for C. Thomas Cook.

## ORDER

HAWKINS, Chief Judge.

This matter is before the court on the order of the magistrate judge made in accordance with Title 28, United States Code, Section 636(b)(1)(A) and the standing order of this court dated June 19, 1990. Objections to the magistrate judge's order to remand this case to state court were filed by the defendants on August 19, 1991 and August 26, 1991. Pursuant to Local Rule 12.08, DSC, the court determined that a hearing on the motion was unnecessary.

## STANDARD OF REVIEW

The defendant Lockheed Missiles and Space Company, Inc. (Lockheed) raised the issue of whether an order remanding the case was within the power of the magistrate judge or whether such a motion was dispositive, in which case the magistrate judge should submit a report and recommendation. The defendant's challenge presents a question of first impression for this court. Pursuant to 28 U.S.C. § 636(b)(1)(A),

a magistrate [may] hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, ..., to dismiss or permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

A motion to remand does not explicitly fall within any of the dispositive motions set forth in 28 U.S.C. § 636. This omission has lead to a split in authority on the question. One line of cases had held that a motion to remand is not dispositive, relying solely on a statutory argument. *See Walker v. Union Carbide Corp.*, 630 F.Supp. 275 (D.Me.1986); *Jacobsen v. Mintz, Levin, Cohn Ferris, Glorsky, & Popeo, P.C.*, 594 F.Supp. 583 (D.Me.1984). These cases hold that since a motion to remand is not included among the list of dispositive motions, it is not a dispositive motion. Another line of thought on the subject is that an order to remand is not dispositive because "[u]pon remand to state court all parties will be able to assert any claim or defense permitted in [federal court]." *Acme Electric Corporation v. Sigma Instruments, Inc.*, 121 F.R.D. 26, 28 (W.D.N.Y.1988).

In *Giangola v. Walt Disney World Co.*, 753 F.Supp. 148, 152 (D.N.J.1990), however, the court held that a motion to remand was dispositive. The court stated:

Perhaps no issue is so accurately described as a determination which will destroy or uphold the Court's jurisdiction. While neither the statute nor the Local Rules specifically remove an order of remand from the jurisdiction of a magistrate, a remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an "involuntary dismissal" of the action. As such, the Magistrate was not empowered to hear the matter....

The analysis of the court in *Giangola* is the preferred approach to this case because it combines both the statutory language with the practical effects of a dismissal from federal court. Further, there is no provision in the Local Rules of this court governing this matter. *See* Local Rule 19, DSC. Therefore, the magistrate judge was without authority to issue an order to re-

mand. Consequently, the order is viewed as a report and recommendation.

By statute, the court is charged with conducting a *de novo* review of any portions of a magistrate judge's report to which specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). The court is not bound by the recommendation of the magistrate judge and retains responsibility for the final determination. *See Brock v. Heckler*, 612 F.Supp. 1348, 1350 (D.C.S.C.1985). However, if neither party objects to the factual or legal conclusions of the magistrate judge, the statute does not require review of those conclusions by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–50, 106 S.Ct. 466, 471–72, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986). Accordingly, the court has reviewed, *de novo*, only those conclusions of the magistrate judge to which objections have been made.

## FACTS

Having reviewed the entire matter *de novo*, the court adopts the facts and procedural history of the case as set forth in the order of the magistrate judge. Long alleges that the defendants have failed to show proper grounds for removal and that his complaint provides no basis for removal to federal court. 28 U.S.C. § 636(b)(1).

The plaintiff filed his complaint against defendants, Lockheed and C. Thomas Cook (Cook), on January 17, 1991, in state court. Long alleged causes of action against Cook for libel and slander and against Lockheed for breach of an employment contract and defamation; he also alleges a wrongful termination cause of action against both defendants for civil conspiracy.

Long alleged that he was employed by Lockheed for twenty-four (24) years prior to March 1989; that, beginning November 1988, Lockheed made Long's work environment intolerable by removing him from a management position and reassigning him to a position as a mail room clerk. Long asserts this reassignment amounted to a constructive discharge from employment. Long has further alleged that Lockheed's actions were predicated on a false report provided by defendant Cook, Lockheed's physician and agent, which described Long as an alcoholic and a substance abuser. Further, Long alleges that Lockheed knew that the doctor's report was inaccurate, but used it to constructively discharge him. This allegedly constituted a wrongful discharge based on Lockheed's agreement with its employees. As a result of these actions, Long alleges that he suffered the loss of his employment, wages, benefits, good reputation, and emotional and physical health.

Lockheed determined that the complaint sought recovery of employee benefits governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, and that Long's state law causes of action were preempted by ERISA. It timely filed for removal based upon a claim arising out of the laws of the United States. 28 U.S.C. § 1441.

On March 13, 1991, the plaintiff filed a motion to remand the action to the Court of Common Pleas, Ninth Judicial Circuit, at Charleston, South Carolina, pursuant to 28 U.S.C. § 1447(c). The magistrate judge granted the plaintiff's motion to remand the matter to the state court by an order dated August 7, 1991.

## ANALYSIS

The gravamen of the defendants' objections is that the magistrate judge erred in ruling that the plaintiff's claim does not "relate to" an employee benefit plan. Further, the magistrate judge erred in his application of *Ingersoll–Rand Company v. McClendon*, —— U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) and *Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116 (4th Cir. 1989) to the facts of this case. First, the court will set forth the law applicable to this case.

ERISA preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a) (1982). The Fourth Circuit

has held that "the phrase 'relate to' has been read expansively, giving 'unparalleled breadth' to the preemption provision." *Solomon v. Transamerica Occidental Life Ins. Co.,* 801 F.2d 659, 661 (4th Cir.1986).

In *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983), the Supreme Court held that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Although the Court has recognized the breadth of the preemption clause under ERISA, it has established limits on the application of the clause. *Ingersoll–Rand,* 111 S.Ct. at 482.

In *Ingersoll–Rand,* the employee was fired after nine years and eight months of employment. His complaint, in state court, alleged that his employer had fired him to prevent him from vesting in his pension plan at the end of 10 years. The employee did not raise any claims under ERISA, although his claim was clearly covered by ERISA. The Supreme Court ruled that ERISA pre-empted the state law claims stating that "here, the existence of a pension plan is a critical factor in establishing liability under the state's wrongful discharge law. As a result, this cause of action relates not merely to pension benefits, but to the existence of the *pension plan itself.*" *Id.* 111 S.Ct. at 483 (emphasis in original).

In so holding, however, the court noted two guidelines which limit the preemption of state claims under ERISA. First, "[t]he fact that collection might burden the administration of a plan [does] not, by itself, compel preemption." *Id.* at 483 *citing Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). Second, "[u]nder the plan language of § 514(a) the Court has held that only state laws that relate to benefit *plans* are pre-empted." *Id. citing Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 23, 107 S.Ct. 2211, 2223, 96 L.Ed.2d 1 (1987) (emphasis in original).

The Fourth Circuit's opinion in *Pizlo* is also relevant to this case. In *Pizlo,* the defendant had made alterations to the company's pension plan over the years. Included in the changes was an early retirement provision, which provided reduced benefits for those employees who retired or were fired before reaching the age of 62. As these changes were made over a period of years, various meetings were held in which the corporation allegedly assured the employees that the changes were only to keep the employees working until they were 62, implying that the employees had job security. The plaintiffs were employees who were subsequently fired prior to reaching the age of 62. The plaintiffs brought several causes of action including state claims for breach of contract, promissory estoppel and negligent misrepresentation. In holding that the state law claims were not pre-empted by ERISA, the court stated:

> The claims do not bring into question whether Plaintiffs are eligible for plan benefits, but whether they were wrongfully terminated from employment after an alleged oral contract of employment for a term. In their state law claims, the Plaintiffs seek from the corporation compensatory damages for wages and pension, health, life and disability benefits that they would have been entitled to had the alleged contract to work until age 62 not been breached. If the Plaintiffs prevail, the damages would be measured in part by the lost pension benefits the Plaintiffs would have received, but the pension trust itself would not be liable and the administrators of the pension plan would not be burdened in any way.

*Pizlo,* 884 F.2d at 120 (citations omitted).

■ With these cases set forth and having reviewed the matter thoroughly, the court finds that the plaintiff's claim does not "relate to" a benefit plan. First, Plaintiff's complaint sets forth three claims for libel and slander, constructive discharge and civil conspiracy, respectively. Generally speaking, "[w]hen an employee contracts to fill a particular position any material change in duties or significant reduction in rank constitutes a constructive discharge which, if unjustified, is a breach of the contract." *Tracey v. Sconnix Broadcast-*

*ing of South Carolina, Inc.,* 284 S.C. 379, 325 S.E.2d 542, 544 (S.C.1985). Thus, the focus is on the existence of a material change in duties or rank and the justification, or lack thereof, for the change. The existence of the pension plan is not critical to determining liability and the inquiry does not "relate to" the pension plan itself.

■ Second, the defendants argue repeatedly that the plaintiff's action will "clearly be affected since, presumably, recalculation and increases could be required with regard to benefits." Defendant's Brief at ¶ 1. The Supreme Court has made it clear, however, that the mere possibility that collection will burden administration of a plan does not compel pre-emption. *Ingersoll–Rand Co.* at 483.

Finally, despite the defendant's argument to the contrary, *Pizlo* is particularly applicable to this case. The key aspect of *Pizlo* was that the claims focused on the oral assurances made by the company and whether the employees were discharged in a manner which was contrary to the terms of the alleged agreement. The existence and extent of benefits under the pension plan was not critical to the terms of the employee's employment. Likewise in this case, the existence of the pension plan is not critical to the existence of a material change in the plaintiff's employment conditions. If the court could not establish that the claim related to the pension plan in *Pizlo*, where the oral assurances were given as a result of actual changes in the pension plan, then there is even less merit in an argument that the claim in this case, which arises out of the modification of the plaintiff's employment duties, is related to the pension plan. Therefore, based on the foregoing, it is

ORDERED, that the plaintiff's motion to remand be, and the same is hereby, granted. Accordingly, the report and recommendation of the magistrate judge is adopted.

AND IT IS SO ORDERED.