**Candace M. BANBURY and E. Terry Banbury, Plaintiffs,**

v.

**OMNITRITION INTERNATIONAL, INC., Daniel Bissonette, Michael Fagel, William Hayden and Ron Cashman, Defendants.**

**Civ. No. 4–93–104.**

United States District Court, D. Minnesota, Fourth Division.

April 12, 1993.

Michael Alan Stern, Richard D. Snyder, Fredrikson & Byron, Minneapolis, MN, for plaintiffs.

Gregory R. Merz, William Lowell Killion, Gray Plant Mooty Mooty & Bennett, Minneapolis, MN, for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court on the defendants' appeal of United States Magistrate Judge Floyd E. Boline's order dated March 22, 1993. Based on a review of the file and record herein, the court dismisses the defendants' appeal and affirms the conclusions of Magistrate Judge Boline.

## DISCUSSION

Defendant Omnitrition International, Inc. ("Omnitrition") is a Texas Corporation that manufactures and distributes health-related products. Omnitrition distributes its products through a network of independent distributors. On August 3, 1990, the plaintiffs entered into a written Agreement of Distributorship with Omnitrition. The plaintiffs distributed Omnitrition products until approximately February 21, 1992, when Omnitrition terminated them because of alleged violations of the distributorship agreement.

On October 29, 1992, the plaintiffs commenced an action in Minnesota state court against Omnitrition and four John Doe defendants alleging various causes of action arising out of the termination. Omnitrition removed that action to federal court. The plaintiffs voluntarily dismissed that action.

The plaintiffs thereafter amended their complaint, substituting four Minnesota resi-

dents for the John Doe defendants, and commenced a new action in Minnesota state court. The plaintiffs raise various contract and statutory claims against both Omnitrition and the four individual defendants. The plaintiffs contend that the individual defendants, who are higher level distributors associated with Omnitrition, caused their termination and benefitted from the termination.

The defendants removed the action to federal court on February 1, 1993. The plaintiffs then brought a timely motion before Magistrate Judge Boline to remand their action for lack of subject matter jurisdiction. The plaintiffs claimed that there is no complete diversity between themselves and the individual defendants and there is no other basis on which the court might exercise jurisdiction over their action. The defendants argued that the plaintiffs fraudulently joined the individual defendants for the sole purpose of defeating federal jurisdiction and urged the court to disregard those defendants for purposes of determining whether diversity jurisdiction exists.

Magistrate Judge Boline found that "[t]he complaint sufficiently alleges that the individual defendants played a role in the termination of plaintiffs' distributorship ... and the complaint ... does state a cause of action against the individual defendants for tortious interference with contract and conspiracy." *Banbury v. Omnitrition Int'l, Inc., et al.*, Civil No. 4–93–104 at 4 (D.Minn. Mar. 22, 1993) (footnote omitted). Magistrate Judge Boline based that determination on the face of the complaint and stated:

> The parties filed various affidavits and exhibits in support of their respective positions.... At this early state in the litigation, it would be improper for the Court to base its decision upon the credibility of the parties. As stated in *Anderson*, the question of fraudulent joinder must be determined based upon the face of the complaint. *See* ... [*Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir.1983) (per curiam) ("Fraudulent joinder exists if, on

the face of the plaintiff's state court pleadings, no cause of action lies against the resident defendant.") ]; *see also Anderson v. Worldwide Church of God*, 661 F.Supp. 1401, 1402 (D.Minn.1987) (Devitt, J.) (removal proper where complaint only alleged claim against nonresident defendants).

*Id.* at 4 n. 2. Magistrate Judge Boline thus remanded the action, concluding there is no complete diversity jurisdiction and removal is improper.

The defendants now appeal Magistrate Judge Boline's determination.[1] The defendants argue that Magistrate Judge Boline applied the wrong standard in determining whether joinder is fraudulent. The defendants contend that upon allegations of fraudulent joinder, the court may look beyond the pleadings to determine if the joinder, although fair on its face, is fraudulent and designed to prevent removal. The defendants thus argue that Magistrate Judge Boline should have analyzed the additional papers they submitted under a summary judgment standard to determine whether the plaintiffs' joinder of the individual defendants is fraudulent. The defendants contend that if Magistrate Judge Boline had applied such a standard he would have determined that the joinder is fraudulent. The defendants also argue that the court must undertake de novo review of Magistrate Judge Boline's ruling because a determination that the court lacks subject matter jurisdiction is dispositive of the action.

## DISCUSSION

### 1. *Standard of Review*

There is a split in authority regarding whether a magistrate judge has the authority to determine a motion to remand or whether a magistrate judge can only issue a report and recommendation on a motion to remand. The split in authority centers on whether a remand motion is dispositive of a case. A district court can refer to a magistrate judge for hearing and determination any matter

---

1. The defendants' request that the court schedule oral arguments on their appeal. Because the court determines that it can resolve the issues on appeal based on a review of the record, no oral argument is warranted.

with the exception of a matter that is dispositive of an action.

[A] judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, ... to dismiss or permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). If the matter is nondispositive, the magistrate judge enters a final order. Rule 72(a) of the Federal Rules of Civil Procedure. If a party timely objects to the magistrate judge's order, the district court reviews the order under a clearly erroneous or contrary to law standard. Section 636(b)(1)(A); Rule 72(a).

A district court may also refer to a magistrate judge any of the excepted dispositive matters listed in § 636(b)(1)(A). In that case, however, the magistrate judge issues a report and recommendation to the district court. 28 U.S.C. § 636(b)(1)(B). If a party timely objects to the report and recommendation the district court reviews the magistrate judge's report de novo. 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure.

A motion to remand is not specifically listed as an excepted matter in § 636(b)(1)(A). Based in part on a strict reading of the statutory language, some courts have concluded that a motion to remand is a nondispositive matter that a magistrate judge can determine. *See City of Jackson v. Lakeland Lounge of Jackson, Inc.,* 147 F.R.D. 122, 124 (S.D.Miss.1993); *Holt v. Tonawanda Coke Corp.,* 802 F.Supp. 866, 868 (W.D.N.Y.1991); *Doe v. The American Red Cross,* 763 F.Supp. 1084, 1085 (D.Or.1991); *McDonough v. Blue Cross of Northeastern Pennsylvania,* 131 F.R.D. 467, 468 (W.D.Pa.1990); *North Jersey Sav. & Loan Ass'n v. Fidelity & Deposit Co.,* 125 F.R.D. 96, 98 (D.N.J.1988); *Walker v. Union Carbide Corp.,* 630 F.Supp. 275, 277 (D.Me.1986); *Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.,* 594 F.Supp. 583, 586 (D.Me.1984).

Other courts, however, have concluded that a remand order is the equivalent of an involuntary dismissal, a dispositive matter that a magistrate judge cannot determine. *Long v. Lockheed Missile and Space Co.,* 783 F.Supp. 249, 250–51 (D.S.C.1992); *Giangola v. Walt Disney World Co.,* 753 F.Supp. 148, 151–53 (D.N.J.1990); *see also U.S. Fidelity and Guaranty Co. v. Thomas Solvent Co.,* 132 F.R.D. 660, 665 (W.D.Mich.1990) (motion for realignment of the parties).

The *City of Jackson* court based its determination that a motion to remand is nondispositive on two grounds:

First, a motion to remand is not specifically listed in Section 636(b)(1)(A) as a matter excepted from disposition by the magistrate judge. The statute thus expressly authorizes the magistrate judge to dispose of the motion. Second, this Court does not agree with those courts which have held that the motion is dispositive. The motion to remand does not reach the merits of the underlying dispute but instead decides only the question of whether removal to the federal court was proper. The parties remain free to litigate the merits of the case following the disposition of the motion, whether in state or federal court.

*City of Jackson,* 147 F.R.D. at 124. This court adopts the reasoning set forth in *City of Jackson* and concludes that a motion to remand is a nondispositive matter that a magistrate judge can determine pursuant to § 636(b)(1)(A). The court thus reviews Magistrate Judge Boline's order dated March 22, 1993, under the clearly erroneous or contrary to law standard. Section 636(b)(1)(A); Rule 72(a); D.Minn. LR 72.1(b)(2).

**2. Fraudulent Joinder**

A defendant alleging fraudulent joinder has the burden of demonstrating that the plaintiff joined a party to destroy diversity jurisdiction. *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Carriere v. Sears, Roebuck and Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). The defendants argue that they would have

met their burden but for the standard of review Magistrate Judge Boline applied in his analysis. Magistrate Judge Boline, applying the rule set forth in *Anderson v. Home Ins. Co.*, analyzed only the plaintiffs' amended complaint in determining that the plaintiffs did not fraudulently join the individual defendants. *Banbury*, Civ. No. 4–93–104 at 3–4. The defendants argue that Magistrate Judge Boline should have pierced the pleadings and, utilizing a summary judgment standard, considered the factual and legal materials they submitted regarding the plaintiffs' claims against the individual defendants. The defendants contend that if the court were to pierce the pleadings and consider the additional materials it would determine that the plaintiffs' claims against the individual defendants are not viable and should not be considered for purposes of determining diversity jurisdiction.

■ The court rejects the defendants' argument. The merits of the plaintiffs' action are not before the court. Rather, at this stage of the litigation the court must determine whether "there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants...." *Boyer*, 913 F.2d at 111 (citation omitted). In so doing, the court "must resolve all contested issues of substantive fact in favor of the plaintiff[s] and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff[s]." *Id.* (citations omitted). "[J]oinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Id.* (citation omitted).

■ Even assuming that some piercing is appropriate in determining whether the plaintiffs have asserted a colorable claim against the joined individual defendants, that inquiry is different from the extensive analysis the defendants urge the court to undertake. At most, the court only reviews factual and legal materials outside of the pleadings to determine if there are any facts supporting the plaintiffs' claims against the resident defendants. *See e.g., Boyer*, 913 F.2d at 112; *see also Anderson*, 661 F.Supp. at 1402; *Scientific Computers, Inc. v. Edudata Corp.*, 596 F.Supp. 1290, 1292–93 (D.Minn.1984); *but see Carriere*, 893 F.2d at 100.

■ The plaintiffs claim that the individual defendants conspired to interfere with and intentionally interfered with the plaintiffs' contractual relationship with Omnitrition. The defendants do not dispute that Minnesota recognizes a cause of action for intentional interference with a contract. Based on a review of the file and record herein, the court determines that the plaintiffs have proffered sufficient evidence to state a colorable claim against the individual defendants for intentional interference with their contract. Accordingly, the court concludes that joinder is appropriate and no complete diversity exists. The court thus concludes that Magistrate Judge Boline's determination that remand of this matter is warranted is not clearly erroneous or contrary to law.

Accordingly, IT IS HEREBY ORDERED that:

1. The defendants' appeal is dismissed;

2. The defendants' request for oral argument is denied; and

3. The plaintiffs' action is remanded to the Minnesota state courts.