**LaRae SCHWENN and Gerd Olson, Plaintiffs,**

v.

**SEARS, ROEBUCK & CO., Londa Kerby and Bruce Pence, Defendants.**

Civ. No. 4–92–484.

United States District Court,
D. Minnesota,
Fourth Division.

June 8, 1993.

**1454**

Gerald T. Laurie, Lapp, Laurie, Libra, Abramson & Thomson, Minneapolis, MN, for plaintiffs.

David D. Alsop and Laura L. Myslis, Gislason, Dosland, Hunter & Malecki, Minnetonka, MN, for plaintiff Gerd Olson.

John M. Mason, Jean F. Holloway, Dorsey & Whitney, Minneapolis, MN, for defendants Sears, Roebuck & Co. and Bruce Pence.

Frank J. Walz and Caryn S. Glover, Best & Flanagan, Minneapolis, MN, for defendant Londa Kerby.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendants' motion for summary judgment and plaintiffs' motion for summary judgment on defendant Londa Kerby's counterclaim.

### FACTS

Until their demotions in November 1991, plaintiffs LaRae Schwenn and Gerd Olson worked as supervisors in the maintenance agreement department of defendant Sears, Roebuck and Co. Plaintiffs' immediate supervisor was defendant Londa Kerby; Kerby's immediate supervisor was defendant Bruce Pence. Plaintiffs allege that while they were employed by Sears, they suffered ongoing verbal and physical sexual harassment from Kerby. According to plaintiffs, Kerby used vulgar language, made frequent references to sexual acts, and kept a manilla folder at her desk that contained obscene materials. Plaintiffs allege that Kerby touched their breasts and buttocks, attempted to tickle them, and on one occasion grabbed plaintiff Schwenn by the neck, hugged her, and placed her in a headlock. Plaintiff Schwenn also alleges that Kerby discussed engaging in sex with another woman and that woman's husband, told Schwenn that true sexual satisfaction required having sex with both men and women, and told Schwenn that the man with whom Kerby was living liked Schwenn's breasts and would like her. Plaintiffs allege that they complained of Kerby's sexual harassment and the hostile work environment that it created to Kerby's supervisor, Pence; they assert that rather than taking remedial action, Pence and Sears responded to their complaints by demoting them and reducing their salaries.

In April 1992, plaintiffs commenced this action in state court, raising claims under the Minnesota Human Rights Act (MHRA), Minn.Stat. § 363.01, et seq., and Minnesota's whistle-blower statute, Minn.Stat. § 181.932; they also raised claims for battery, assault, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendants removed the action in May 1992, invoking the Court's diversity jurisdiction. Defendants' notice of removal states that plaintiffs are Minnesota citizens, that Sears is a New York corporation with its principal place of business in Illinois, and that defendant Kerby is a Montana resident. The notice of removal also acknowledges that Pence is a citizen of Minnesota, but asserts that the action is nonetheless removable because plaintiffs have no good faith claim against Pence and joined him solely to defeat diversity jurisdiction. Plaintiffs did not move to remand the action to state court.

After the action was removed, defendant Kerby counterclaimed against plaintiffs, alleging that they had defamed her by making allegations of sexual harassment. Plaintiffs now move for summary judgment on the counterclaim, and defendants move for summary judgment on plaintiffs' claims. Because plaintiffs and defendant Pence are all citizens of Minnesota, the Court questioned whether it had subject matter jurisdiction over this action and requested the parties to brief that issue. The Court concludes that it lacks subject matter jurisdiction over the action, and therefore will remand the action

to state court without ruling on the summary judgment motions.

## DISCUSSION

 An action commenced in state court that falls within the original jurisdiction of the federal district courts may be removed to federal court. 28 U.S.C. § 1441(a). An action based upon federal question jurisdiction may be removed without reference to the citizenship of the parties; however, where the action is based upon diversity jurisdiction, it is removable only if none of the defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). Because this action presents no federal question, and because defendant Pence is a Minnesota citizen, the action is not, on its face, removable. However, defendants assert that the action was properly removed despite Pence's presence under the doctrine of fraudulent joinder. Under that doctrine, joinder of a party that is designed solely to deprive federal courts of jurisdiction is deemed fraudulent and does not prevent removal. *Anderson v. Home Insurance Co.,* 724 F.2d 82, 84 (8th Cir.1983) (citing *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir. 1979)). A finding of fraudulent joinder does not require a finding of fraudulent intent; rather, fraudulent joinder exists if, whatever the plaintiffs' motive, their claim against an in-state defendant has no chance of success. *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992). The burden of establishing that a party has been fraudulently joined is on the defendants. *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991).

Although the parties agree on the basic contours of the fraudulent joinder doctrine, they disagree upon the standards to be applied by the Court in determining whether Pence has been fraudulently joined. Plaintiffs assert that the Court should employ a standard similar to that for a motion to dismiss; they argue that the Court should review the pleadings to determine whether there is any possibility that a state court would find that they have stated a cause of action against Pence. If such a possibility exists, they assert that removal was improper. Defendants argue that in determining the fraudulent joinder issue, the Court must consider essentially the same question raised by a summary judgment motion: whether, under the governing law, the facts support any claim against Pence. Thus, defendants urge the Court to "pierce the pleadings," look beyond the allegations of the complaint to the underlying facts, and determine whether plaintiffs have a meritorious claim against Pence. If they are entitled to summary judgment on the claims against Pence, they argue, his joinder must be deemed fraudulent, and the Court must hold that it has subject matter jurisdiction over this action.

 The Court rejects defendants' proposed standard for determining the fraudulent joinder issue as contrary to controlling Eighth Circuit precedent. In *Anderson v. Home Insurance Co.,* the Eighth Circuit stated that "[f]raudulent joinder exists if, *on the face of plaintiff's state court pleadings,* no cause of action lies against the resident defendant." *Anderson,* 724 F.2d at 84 (citing *Tedder,* 590 F.2d at 117) (emphasis added). In accordance with *Anderson,* another judge of this court recently rejected the standard that defendants urge the Court to apply here. *Banbury v. Omnitrition Int'l, Inc.,* 818 F.Supp. 276 (D.Minn.1993). This court agrees with the *Banbury* court that it is inappropriate to apply a summary judgment standard to a claim of fraudulent joinder, because the merits of an action are distinct from the jurisdictional issues presented by such a claim. The more appropriate standard for a claim of fraudulent joinder is whether there is a possibility that a state court would find that the complaint states a cause of action against the resident defendant. In addressing this issue, contested issues of fact and uncertainty as to the controlling substantive law should be resolved in favor of the plaintiff. Joinder is fraudulent only where there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant, or where the plaintiff has no real intention of prosecuting the action against the resident defendant. *Banbury,* at 280 (citing *Boyer v. Snap-on-Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991)).

Under these standards, plaintiffs' joinder of Pence cannot be deemed fraudulent. In their complaint, plaintiffs allege that Pence was the direct supervisor of the alleged harasser, that they complained of the alleged harassment to Pence, and that he not only failed to take remedial action to address their concerns, but retaliated against them by demoting them and reducing their salaries. Based upon this conduct, plaintiffs allege that Pence aided and abetted violations of the MHRA or intentionally obstructed compliance with the MHRA in violation of Minn.Stat. § 363.03, subd. 6.[1] Defendants concede that an individual may be held liable for aiding and abetting or obstruction under section 363.03, subd. 6. Because the MHRA provides plaintiffs with a cause of action against individuals such as Pence, and because the complaint, on its face, states a claim against Pence for a violation of section 363.03, subd. 6, Pence's joinder cannot be viewed as fraudulent. Therefore, the Court concludes that it lacks subject matter jurisdiction over this action and that the action must be remanded.

Even if the Court were to accept defendants' invitation to "pierce the pleadings," remand of this action would be required. In arguing that the Court should apply a summary judgment standard to the fraudulent joinder claim, defendants rely primarily upon *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). In *Carriere*, the Fifth Circuit endorsed a summary judgment-like procedure for disposing of fraudulent joinder claims. Under the *Carriere* procedure, a district court considering a claim of fraudulent joinder may look both to the controlling state law and to the facts established by summary judgment evidence such as affidavits and deposition testimony. *Carriere*, 893 F.2d at 100. In establishing this procedure, however, the *Carriere* court explicitly cautioned district courts against pre-trying a case to determine removal jurisdiction. *Id.* Thus, the *Banbury* court held that even where a court pierces the pleadings and con-

siders factual and legal materials outside the complaint, it should not undertake to resolve a plaintiff's claims on the merits, but should only consider whether there are any facts supporting the claims. *Banbury*, at 280.

The *Banbury* approach is consistent with that taken in *Scientific Computers, Inc. v. Edudata Corp.*, 596 F.Supp. 1290 (D.Minn. 1984). In *Scientific Computers*, the plaintiff was a Minnesota corporation that brought suit to enjoin a Delaware corporation and a Minnesota brokerage firm from proceeding with a tender offer. The defendants removed the action to federal court, alleging that the plaintiff's joinder of the Minnesota brokerage firm was a sham that was calculated to defeat diversity jurisdiction. In support of removal, the defendant submitted affidavits indicating that the plaintiff did not intend to obtain a judgment against the brokerage firm. The court held that where specific allegations of fraudulent joinder have been made, it is appropriate to pierce the pleadings and consider the entire record. *Scientific Computers*, 596 F.Supp. at 1292. The court then concluded that the defendants' affidavits established that the plaintiff had no real intention of obtaining a judgment against the Minnesota brokerage firm, but had named the firm as a "straw defendant set up for plaintiff's convenience." *Id.* at 1293. Because the facts established that joinder was fraudulent, the court denied the plaintiff's motion to remand. Significantly, however, the *Scientific Computers* court did not address the merits of the plaintiff's claim against the resident defendant.

In this case, defendants do not merely ask the Court to follow the *Scientific Computers* court and pierce the pleadings to aid resolution of the jurisdictional issue. Rather, they ask the Court to pierce the pleadings, consider all of the evidence, and rule for them on the merits. Defendants assert that although plaintiffs have stated a claim against Pence under Minn.Stat. § 363.03, subd. 6, the claim cannot succeed for two reasons. First, they assert that Kerby did not sexually harass

---

1. Plaintiffs also allege that Pence retaliated against them in violation of Minnesota's whistleblower statute and the anti-reprisal provisions of the MHRA; defendants argue that Pence cannot be held individually liable for such violations.

Because plaintiffs have stated a claim against Pence under Minn.Stat. § 363.03, subd. 6, the Court need not resolve the parties' dispute regarding the retaliation claims.

plaintiffs; because there was no primary violation, they assert that Pence cannot be held secondarily liable under the MHRA. Second, they assert that even if plaintiffs could establish that they were sexually harassed, Pence could not be held liable because he removed Kerby from her supervisory role within three weeks of learning of plaintiffs' complaints. Defendants argue that this timely response shields Pence from liability under the MHRA.

Both of these arguments assume that only one inference can be drawn from the facts underlying this action. However, the facts are not nearly as clear as defendants claim they are. For example, although defendants assert that Pence took swift and decisive action to deal with plaintiffs' complaints, plaintiffs point out that Pence neither investigated plaintiffs' claims himself nor requested that anyone else do so. Moreover, contrary to defendants' assertion, Pence did not simply remove Kerby from her supervisory role, but rather placed Kerby and plaintiffs on paid leave. Given these facts, it cannot be said that there is no possibility that a state court would find Pence individually liable under section 363.03, subd. 6.

Significantly, defendants do not argue that there is no possibility that a state court would find Pence liable. Instead, defendants ask the Court to consider the entire record and hold that plaintiffs were not sexually harassed, and that even if they were, Pence cannot be held individually liable to them; they then ask the Court to hold that because plaintiffs' claims fail on the merits, the action was properly removed. In the Court's view, this method of resolving a claim of fraudulent joinder does violence to the basic principle that a court should not resolve the merits of a plaintiff's claim in determining whether an action was properly removed. In addition, defendants' proposed method has the potential to vastly expand removal jurisdiction; under defendants' theory, removal would be proper in any case in which the removing defendants could establish that the non-diverse defendant was entitled to summary judgment. Defendants point to no authority for such an expansive view of removal jurisdiction.

In short, the Court concludes that defendants may not justify removal by obtaining summary judgment against the sole non-diverse defendant. Because neither the pleadings themselves nor the extra-pleading materials submitted by the parties establish that plaintiffs' claims against Pence have no possibility of success, the Court holds that removal was improper.

Accordingly, based on the foregoing, and upon all the files, records and proceedings herein,

**IT IS ORDERED** this matter is remanded to Minnesota District Court, County of Hennepin, Fourth Judicial District.