Annette DAVIS, Plaintiff,

v.

**PRENTISS PROPERTIES LIMITED, INC.; Joanne Coval, Defendants.**

**No. CV 99–05021 DDP SHX.**

United States District Court,
C.D. California.

Sept. 7, 1999.

Michael J. Bononi, Joseph Kouri, Linda K. Moravac, Bononi & Kouri, Los Angeles, CA, for Plaintiff.

Millicent N. Sanchez, Jodi L. Karpel, Swerdlow Florence Sanchez & Rathbun, Beverly Hills, CA, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

PREGERSON, District Judge.

Plaintiff Annette Davis moves to remand this matter to state court. The Court grants the motion.

### I. Background

Davis is a citizen of California. (Not. Rem. at 2.) Defendant Prentiss Properties is a citizen of Delaware. (*Id.* at 3.) Defendant Joanne Coval is a citizen of California. (*Id.* Ex.A (Compl.) at 9.)

Davis was hired by Prentiss to work as a property manager. Coval was a managing agent for Prentiss. In January 1999, Coval informed Davis that her employment was being terminated. (*Id.* at 9–11.)

Davis filed suit in state court alleging six causes of action. Only the fourth cause of action names Coval as a defendant, asserting that Coval wrongfully withheld Davis's wages in violation of California Labor Code § 216.

Defendant Prentiss Properties removed the action to this Court on diversity grounds, asserting that Coval was a sham defendant whose joinder was fraudulent and should be disregarded. Davis has now moved to remand.

The Court will first discuss the appropriate standard for consideration of a claim of fraudulent joinder. The Court will then apply this standard to Davis's claim against Coval.

## II. Discussion

### A. Legal Standard for Motion to Remand

■ A removing party always has the burden of establishing that removal is proper, *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992), and courts resolve doubts as to removability in favor of remand, *see id.; see also, Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42–43 (5th Cir.1992) (holding that disputed questions of fact and all ambiguities in state law must be resolved in favor of the nonmoving party).

■ A defendant may remove a case with a non-diverse defendant on the basis of diversity jurisdiction and then seek to persuade the district court that the non-diverse defendant was fraudulently joined. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). A non-diverse defendant is fraudulently joined if it can show that "the plaintiff fails to state a cause of action against a resident [non-diverse] defendant." *Id.* The Fifth Circuit has noted that this burden is a "heavy one." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.*

Though many courts have discussed the doctrine of fraudulent joinder, it is difficult to precisely identify the standard under which a court should consider the issue. The Court will suggest that when determining fraudulent joinder, Courts should bear in mind the standards of Federal Rule of Civil Procedure 11. This will help courts refrain from overstepping their jurisdiction.

The Court will first discuss the formulas courts have used when addressing the question of fraudulent joinder. The Court will then discuss why Rule 11's standard would assist the fraudulent-joinder inquiry.

## B. Statements of the Fraudulent–Joinder Standard

As an initial matter, "[f]raudulent joinder is a term of art," *McCabe,* 811 F.2d at 1339, and it "does not require a finding of fraudulent intent," *Schwenn v. Sears, Roebuck & Co.,* 822 F.Supp. 1453, 1455 (D.Minn.1993). Thus, rather than focusing on the "mental state" of the plaintiff, the fraudulent joinder inquiry focuses on the validity of the legal theory being asserted against the non-diverse defendant.

The problem with the fraudulent joinder inquiry is that the Court must consider the validity of a claim that defeats diversity, a claim over which the Court has no jurisdiction. Only by considering the merits of the non-diverse claim, can the Court be assured of jurisdiction over any of the claims in the case. The Court must therefore walk a very fine line: it must consider the merits of a matter without assuming jurisdiction over it. *See B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 554 (5th Cir.1981) (court must not "lose sight of the important questions of federal jurisdiction" implicated in fraudulent joinder cases).

A court considering a question of fraudulent joinder is unsure of its jurisdiction. Therefore, it would seem that the determination of that question should be different from the court's determination of a typical motion to dismiss for failure to state a claim, for example. If a court were to apply the standard of Rule 12(b)(6) to the diversity-defeating claim, the court would be ignoring the fact that it has no jurisdiction over that claim. In recognition of this conclusion, courts have expressed standards for fraudulent joinder that are somewhat different from a typical Rule 12(b)(6) or Rule 56 standard.

The Ninth Circuit has defined fraudulent joinder as occurring when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state. . . ." *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir.1998) (quoting *McCabe,* 811 F.2d at 1339).

Many courts express the fraudulent joinder standard in terms of the diversity-defeating claim's possibility of success. One restatement of standard by the Fifth Circuit was already noted earlier. A court of that circuit indicated that fraudulent joinder is established when the removing party establishes that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Green,* 707 F.2d at 205.

An older Fifth Circuit case stated that when considering allegations of fraudulent joinder "the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Bobby Jones Garden Apts., Inc. v. Suleski,* 391 F.2d 172, 176 (5th Cir.1968). In another Fifth Circuit case, the court required a showing "beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Keating v. Shell Chem. Co.,* 610 F.2d 328, 333 (5th Cir.1980).

A Fourth Circuit court required that the removing party show "[t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court. . . ." *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993) (emphasis in original) (quoting *B., Inc.,* 663 F.2d at 549). A similar requirement was imposed by a district court in the Eighth Circuit: "The more appropriate standard for a claim of fraudulent joinder is whether there is a possibility that a state court would find that the complaint states a cause of action

against the resident defendant." *Schwenn*, 822 F.Supp. at 1455.

An Eleventh Circuit court stated that " '[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' " *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir.1983).)

Many other courts have considered and discussed the fraudulent joinder standard and this Court need not quote them all. The few cases cited here are sufficient to establish while courts have attempted to clearly restate the fraudulent joinder standard, it is difficult to pin down and, not coincidentally, difficult to distinguish from a Rule 12(b)(6) standard. The following is this Court's analysis of the appropriate standard for fraudulent joinder.

### C. Reference to Rule 11 Would Assist the Fraudulent–Joinder Inquiry

██ The mere fact that a claim is ultimately unsuccessful does not necessarily mean that its joinder was fraudulent. Thus, some room must exist between the standard for dismissal under Rule 12(b)(6), for example, and a finding of fraudulent joinder. A court's Rule 12(b)(6) inquiry is whether the complaint states a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To constitute fraudulent joinder, the non-diverse claim must not only be unsuccessful, it must be untenable ab initio.

The Federal Rules of Civil Procedure contain a standard that is appropriate for the fraudulent joinder inquiry. Rule 11 requires that a claim be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b)(2). This standard for judging whether a claim is validly presented is not exclusive to federal courts. *See, e.g., Golden Eagle Distrib.*

*Corp. v. Burroughs Corp.*, 809 F.2d 584, 588 (9th Cir.1987) (dissent from denial of rehearing en banc) (source of Rule 11's language is ABA *Model Code of Prof. Resp.* DR 1–102(A)(4) and ABA *Model Rules of Prof. Conduct* 3.3(a)(3)); Cal.Civ. P.Code § 128.7(b)(2) (requiring "verification" that claims "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law").

██ Rule 11 provides an appropriate standard for determination of questions of fraudulent joinder. As implied by the Rule and by similar state and model rules, a party whose claim is not frivolous may legitimately present that claim to an appropriate court to have the claim considered. The fact that the party may lose or even the fact that the party will probably lose does not affect the party's right to present its claim, make its arguments, and receive a ruling from a court with proper jurisdiction. Thus, if a diversity-defeating claim is not frivolous, the plaintiff has the right to have it considered by the state court in which it was filed.

Because a finding of fraudulent joinder deprives the plaintiff of the ability to have a state court pass on the merits of the diversity-defeating claim, a federal court's fraudulent-joinder consideration should be akin to an application of Rule 11. If the plaintiff's claim is appropriate under Rule 11, it is likely that the claim should be heard and determined by the state court in which it was filed. Therefore, the claim of fraudulent-joinder should fail, the court should find that it lacks diversity jurisdiction, and the matter should be remanded.

This method of determining fraudulent joinder mitigates the danger that courts will effectively apply a Rule 12(b)(6) or Rule 56 standard to the question. As noted earlier, application of such standards would be inappropriate for a court that does not have jurisdiction over the diversity-defeating claim. It is difficult to identify the distinction between the standard

under Rule 12(b)(6) and some of the earlier-cited formulations of the fraudulent-joinder inquiry. *Compare, e.g., Conley,* 355 U.S. at 45–46, 78 S.Ct. 99 (under Rule 12(b)(6), complaint should not be dismissed "unless it appears beyond doubt" that plaintiff cannot establish claim) *with Keating,* 610 F.2d at 333 (court should not find fraudulent joinder unless removing party shows "beyond a doubt that the plaintiff can prove no set of facts in support of his claim"). Consideration of Rule 11 would assure that courts considering diversity-defeating claims would not inadvertently apply a standard that would be appropriate only if the Court had jurisdiction.

The suggestion of Rule 11 as an analogy for the fraudulent-joinder inquiry is not intended to disagree with the existing law or this subject. Instead, the Court merely adds what it hopes will be a helpful inquiry when considering fraudulent joinder. Bearing in mind that federal and state rules recognize the validity of all non-frivolous claims, courts should hesitate before depriving a party of his or her right to have that claim heard by a court of competent jurisdiction. To do otherwise risks "trespass[ing] upon the judicial 'turf' of the state courts." *B., Inc.,* 663 F.2d at 554.

In conclusion, the fraudulent-joinder inquiry asks whether the diversity-defeating claim "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state...." *McCabe,* 811 F.2d at 1339. In determining whether such failure is present, the Court will bear in mind the fact that the claim should be presented to the state court if it is "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b)(2); Cal.Civ. P.Code § 128.7(b)(2). If plaintiff Davis's diversity-defeating claim against defendant Coval meets these standards, it should be remanded for consideration by the California courts.

### D. Application of the Fraudulent Joinder Standard to Davis's Claim Against Coval

Davis's fourth cause of action asserts that Coval is liable based on California Labor Code § 216.[1] This section provides that it is a misdemeanor for a manager to wrongfully withhold wages.[2] Davis claims that this statute creates civil liability as well.

Neither party has found any California authority on point. Davis asserts that it is a general rule that civil liability can be premised on violation of a criminal statute if no other remedy is available. (Mot. at 4, 5 (citing *Faria v. San Jacinto Unified Sch. Dist.,* 50 Cal.App.4th 1939, 59 Cal.Rptr.2d 72 (1996), and *Montalvo v. Zamora,* 7 Cal. App.3d 69, 86 Cal.Rptr. 401 (1970)).) In addition, Davis notes that § 216 provides that its penalty is "[i]n addition to any other penalty," supporting the conclusion that relief is to be construed broadly. Cal. Lab.Code § 216.

Prentiss argues that civil penalties are not available under § 216 because a remedy for an employee whose wages are withheld is available under California Labor Code § 203, which provides for civil liability of the employer, though not individual managers. (Opp. at 4.) Davis argues, however, that a remedy against the employer

1. Note that Davis does not assert a contract claim against Coval. Thus, cases cited by Prentiss that discuss contract actions against individual employees are inapposite.

2. Section 216 reads:

In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who:

(a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made.

(b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due.
Cal.Lab.Code § 216.

does not address the wrong done by the manager.

Prentiss also asserts that individual employees cannot be liable in tort to co-employees. (Opp. at 2–4.) It bases these arguments on *Reno v. Baird,* 18 Cal.4th 640, 76 Cal.Rptr.2d 499, 957 P.2d 1333 (1998), *Sheppard v. Freeman,* 67 Cal. App.4th 339, 79 Cal.Rptr.2d 13 (1998), and *Janken v. GM Hughes Elecs.,* 46 Cal. App.4th 55, 53 Cal.Rptr.2d 741 (1996).

*Reno* and *Janken* discussed the application of California's Fair Employment and Housing Act and are thus inapplicable to the present case while *Sheppard* has already been rejected by this Court, *see Graw v. Los Angeles County MTA,* 52 F.Supp.2d 1152 (C.D.Cal.1999). Thus, these cases are unavailing.

■ In sum, Davis has presented what seems to be a matter of first impression, namely whether California Labor Code § 216 creates civil liability. The Court cannot say that Davis "fails to state a cause of action against a resident defendant [Coval], and the failure is obvious according to the settled rules of the state . . . ." *McCabe,* 811 F.2d at 1339. The Court certainly cannot say that Davis's claim is not a "nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b)(2). Therefore, Prentiss has not met its heavy burden of proving that Coval is a sham defendant.

### III. Conclusion

Because Davis has asserted a theory of liability and because Prentiss cannot show that Davis's argument frivolous, the Court declines to find Coval a sham defendant and remands this matter to state court due to lack of diversity.

IT IS SO ORDERED.