CITY OF JACKSON, MISSISSIPPI, Plaintiff,

v.

LAKELAND LOUNGE OF JACKSON, INC., Defendant.

**Civ. A. No. 3:92–CV–804BN.**

United States District Court, S.D. Mississippi, Jackson Division.

April 1, 1993.

Craig E. Brasfield, City Attorney's Office, Jackson, MS, for plaintiff.

Matthew M. Moore, Jackson, MS, for defendant.

## MEMORANDUM OPINION

BARBOUR, Chief Judge.

On March 25, 1993, the Court entered an Order in which it denied the Objections of Defendant Lakeland Lounge of Jackson, Inc., to the Order of the Magistrate Judge Granting Plaintiff's Motion to Remand and denied Defendant's Motion for Stay. The basis of both denials was the determination by the Court that it no longer had jurisdiction over this action. In order to expedite the disposition of this action in the state proceedings, the Court declined to provide in the Order the reasons for its determination that it lacked jurisdiction, intending instead to articulate those reasons in a separate Opinion to be filed a later date. This is that Opinion.

## I. BACKGROUND

On December 11, 1992, Plaintiff, the City of Jackson, Mississippi, ("the City") filed this action in the Chancery Court for the First Judicial District of Hinds County, Mississippi ("the state court"), seeking to enjoin Defendant from doing business in the form of adult entertainment and/or topless dancing in violation of city zoning ordinances. Defendant removed the action to this Court under 28 U.S.C. § 1441, alleging federal question jur-isdiction pursuant to 28 U.S.C. § 1331. The City then moved the Court to remand the action to the state court, contending that the action presented only state law questions.

On March 8, 1993, the United States magistrate judge entered an Order Granting Plaintiff's Motion to Remand. On March 9, 1993, the clerk of this Court sent a certified copy of the Order of the magistrate judge to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

On March 22, 1993, Defendant filed its Objections to the Order Granting Plaintiff's Motion to Remand. On March 23, 1993, Defendant filed a Motion for Stay requesting that this Court enjoin the state court from engaging in any further proceedings in this action until this Court ruled on Defendant's Objections.[1]

## II. ANALYSIS

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district court may refer to a magistrate judge for hearing and determination any pending pretrial matter other than certain dispositive matters listed therein. The dispositive matters excepted are motions:

for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

After referral by the court of a nondispositive matter, the magistrate judge is to enter a written order setting forth the disposition of the matter. Fed.R.Civ.P. 72(a). Within ten days after being served with a copy of that order, a party may serve and file objections thereto. *Id.* The court is to consider these objections and modify or set aside any portion of the order which the court finds to be clearly erroneous or contrary to law. *Id.*

---

1. Although Defendant captioned this motion a "Motion for Stay," this Court is unable to stay proceedings in any court other than itself. The Court, however, is able to enjoin a state court from proceeding in an action in certain limited situations. *See Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). The Court thus will treat Defendant's Motion for Stay as a motion to enjoin the state court.

Section 636(b)(1)(B) provides that the court may refer to the magistrate judge any of the dispositive matters excepted in Section 636(b)(1)(A). After referral of a dispositive matter, however, the magistrate judge is not to enter an order, but is to enter into the record a recommendation for disposition of the matter, which is to include proposed findings of fact when appropriate. Fed.R.Civ.P. 72(b). Within ten days after being served with a copy of the recommendation, a party may serve and file objections thereto. *Id.* The court is to review de novo any portion of the recommendation to which the party has filed such objections. *Id.*

This Court historically has treated a motion to remand as a nondispositive matter and has reviewed objections to orders of the magistrate judge to remand under Rule 72(a).[2] The Court acknowledges that some courts have likened a motion to remand to an involuntary dismissal, a dispositive matter specifically excepted in Section 636(b)(1)(A), and have held that a magistrate judge may enter only a recommendation as to the disposition of the motion pursuant to Rule 72(b). *See Long v. Lockheed Missiles & Space Co.,* 783 F.Supp. 249 (D.S.C.1992); *Giangola v. Walt Disney World Co.,* 753 F.Supp. 148 (D.N.J.1990). Other courts, however, have determined that a motion to remand is a nondispositive matter capable of disposal by the magistrate judge by final order pursuant to Rule 72(a). *See Holt v. Tonawanda Coke Corp.,* 802 F.Supp. 866 (W.D.N.Y.1991); *McDonough v. Blue Cross,* 131 F.R.D. 467 (W.D.Pa.1990); *North Jersey Sav. & Loan Ass'n v. Fidelity & Deposit Co.,* 125 F.R.D. 96 (D.N.J.1988);[3] *Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.,* 594 F.Supp. 583 (D.Me.1984).

■ This Court joins that group of courts which hold that a motion to remand is nondispositive and can be determined by a magistrate judge by final order. The Court bases this holding on two grounds, both of which have been recognized in the opinions so holding. First, a motion to remand is not specifically listed in Section 636(b)(1)(A) as a matter excepted from disposition by the magistrate judge. The statute thus expressly authorizes the magistrate judge to dispose of the motion.[4] Second, this Court does not agree with those courts which have held that the motion is dispositive. The motion to remand does not reach the merits of the underlying dispute but instead decides only the question of whether removal to the federal court was proper. The parties remain free to litigate the merits of the case following the disposition of the motion, whether in state or federal court. For these reasons, the Court holds that a motion to remand is a nondispositive matter capable of determination by a magistrate judge pursuant to Section 636(b)(1)(A). A motion to remand thus is governed by Rule 72(a).

■ The filing of Defendant's Objections clearly was within the time limit allowed for such objections under Rule 72(a).[5] Ordinari-

**2.** Largely tracing the language of § 636(b)(1)(A), Rule 8(i) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi provides:
   All pretrial motions are hereby referred to a Magistrate Judge for hearing and determination in accordance with the provisions of Rule 72, FRCP, with the exception of motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state claim upon which relief can be granted, to involuntarily dismiss an action, motions in limine regarding evidentiary matters, and for extensions of time with regard to matters pending before a District Judge....
   The Local Rules make no specific provision concerning motions to remand.

**3.** Although the *North Jersey Savings & Loan* is in conflict with *Giangola,* another case from the

District of New Jersey decided two years after *North Jersey Savings & Loan,* the *Giangola* opinion does not mention the earlier case.

**4.** Section 636(b)(1)(A) provides that "a judge may designate a magistrate to hear and determine *any pretrial matter* pending before the court," except for those listed therein. (Emphasis added.)

**5.** Rule 72(a) provides that Defendant had 10 days after being served with a copy of the Order of the Magistrate Judge in which to file his Objections. Rule 6(a) of the Federal Rules of Civil Procedure provides that intermediate weekends and holidays should be excluded in the computation of this ten-day period. Because the Order was filed on March 9, 1993, a Tuesday, Defendant had until Tuesday, March 23, 1993, to file his objections. Moreover, if the Order was served via the mail, then Defendant had an additional three

ly, such a timely filing would subject the order of the magistrate judge to review by the Court, with such order to be modified or set aside to the extent that the Court found the order to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). The timely filing of objections thus ordinarily would prevent the order of the magistrate judge from attaining the status of a "final order." In this case, however, the clerk certified the Order of the magistrate judge to the state court before the Court had an opportunity to review it. The question thus becomes whether this act by the clerk divested the Court of jurisdiction to review the Order. The Court holds that it did.

 It is well established that once a district court certifies a remand order to the state court it is divested of jurisdiction and can take no further action on the case, even if the court later determines that the remand was erroneous. *See New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986) (per curiam); *Browning v. Navarro*, 743 F.2d 1069, 1078–79 (5th Cir.1984); *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081–82 (3rd Cir.1992); *Seedman v. United States Dist. Court*, 837 F.2d 413, 414 (9th Cir.1988). The Court holds that the certification by the clerk of the Order of the magistrate judge returned the case to the state court, and that this Court has no power to retrieve it. Although certification in this case was premature, the act of certification by the clerk, itself, however improper, divested the Court of jurisdiction. *See Browning*, 743 F.2d at 1078 (stating that "[t]he federal court is completely divested of jurisdiction once it mails a certified copy of the [remand] order to the clerk of the state court"). Because the Court no longer has jurisdiction over this action, the Court must deny Defendant's Objections and its Motion for Stay.

The Court recognizes that the clerk's error effectively denied Defendant the right to review of the magistrate judge's order guaranteed by Rule 72(a). The Court, however, is without jurisdiction to remedy this error. Instead, the Court will direct the clerk in the future not to certify a remand order entered by the magistrate judge until after the expiration of the ten-day period provided by Rule 72(a) for the filing of objections to the remand order. If the parties fail to object within that time period, then the clerk shall certify to the state court the order of the magistrate judge. If a party makes timely objections and the Court denies the objections and orders remand, then the clerk shall certify that order of the Court to the state court.

### III. CONCLUSION

For the foregoing reasons, the Court holds that a motion to remand is a nondispositive matter capable of determination by the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure. The Court further holds that the clerk's certification to the state court of the remand order of the magistrate judge divested this Court of jurisdiction to consider objections to that order. Because the Court already has denied Defendant's Objections and its Motion for Stay, the Court need not take any further action.

SO ORDERED.

days in which to file his Objections. Fed. R.Civ.P. 6(e). The filing of Defendant's Objections on March 22, 1993, thus without question was timely.