52 F.3d 343
 36 U.S.P.Q.2d 1503
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Raymond Keith FOSTER, Keith Manufacturing Co., Inc.,
and Foster Development, Inc., both doing business
as Keith Sales Co., and In re Arthur
Wilkens, Petitioners.
 No. 419.
 United States Court of Appeals, Federal Circuit.
 March 21, 1995.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON PETITIONS FOR WRIT OF MANDAMUS
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 Raymond Keith Foster et al. and Arthur Wilkens (Foster) each petition for a writ of mandamus to direct the United States District Court for the District of Oregon to vacate a magistrate's remand order and to consider Foster's objections to the remand order. Olaf A. Hallstrom, Moving Floors, Inc. and Hallco Manufacturing Co., Inc. (Hallstrom) oppose.
 
 
 2
 This matter stems from Hallstrom's action for (1) tortious interference with business based in part on the alleged invalidity of a Foster patent; (2) trade defamation; and (3) violations of the Oregon Racketeering and Corrupt Organization Act, originally filed in Oregon state court. Foster removed the case to district court and subsequently filed motions to dismiss (redesignated by the district court as motions for summary judgment). Hallstrom filed a motion to remand to state court.
 
 
 3
 On August 26, 1994, the magistrate, determining that the district court lacked subject matter jurisdiction, issued an order granting Hallstrom's motion to remand and denying the motions for summary judgment. On August 30, 1994, the clerk of the district court transmitted a certified copy of the order to the clerk of the Oregon state court, together with a certified copy of the docket entries. On September 9 and 12, 1994, Foster and Wilkens, respectively, filed timely objections to the magistrate's order pursuant to Fed.R.Civ.P. 72(a).
 
 
 4
 On December 2, 1994, the district court issued an advisory opinion in response to the objections. The district court observed that Fed.R.Civ.P. 72(a) directs a district court to review timely filed objections to a magistrate's order. However, 28 U.S.C. Sec. 1447(d) provides that an "order remanding a case to a state court from which it was removed is not reviewable on appeal or otherwise." The district court noted that before the objections were filed, the clerk had certified the order of remand to the Oregon state court. Relying on Seedman v. United States Dist. Court, 837 F.2d 413 (9th Cir.1988), the district court concluded that because the case had already been remanded to state court, the district court had no jurisdiction and could take no further action in the case. The district court quoted from the Ninth Circuit's opinion which observed that Sec. 1447(d) had been "universally" construed to preclude not only appellate review but also reconsideration by a district court. The district court also relied on the Seedman court's holding that "if the remand order is based on section 1447(c) [lack of subject matter jurisdiction], a district court has no power to correct or vacate it."
 
 
 5
 At issue in this matter are two statutory provisions dealing with the parameters of a magistrate's authority to resolve certain issues, 28 U.S. Sec. 636 and Fed.R.Civ.P. 72, and a statutory provision dealing with the reviewability of remand orders, 28 U.S.C. Sec. 1447. Section 1447 provides in relevant part:
 
 
 6
 (c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal ... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....
 
 
 7
 (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ...
 
 
 8
 The Federal Magistrate's Act, 28 U.S.C. Sec. 636, provides in relevant part:
 
 
 9
 (b)(1) Notwithstanding any provision of law to the contrary--
 
 
 10
 (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action [emphasis added].
 
 
 11
 This provision governs court ordered referrals of nondispositive matters governed by Fed.R.Civ.P. 72(a). The "excepted" matters referred to are characterized as dispositive matters governed by Fed.R.Civ.P. 72(b).
 
 
 12
 Rule 72 governing pretrial orders provides in relevant part:
 
 
 13
 (a) Nondispositive Matters. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall ... enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.
 
 
 14
 (b) Dispositive Motions and Prisoner Petitions A magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement shall promptly conduct such proceedings as are required. The magistrate judge shall enter into the record a recommendation for disposition of the matter ...
 
 
 15
 .... Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge ... shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.
 
 
 16
 Foster presents three arguments in support of his petition. First, Foster argues that Fed.R.Civ.P. 72 provides him with a right to file objections to the remand order and to have the district court consider those objections. Thus, Foster asserts that the premature issuance of the remand order denied him the due process of district court review allowed under Rule 72. Second, Foster argues that this case is not controlled by Seedman because the remand order in Seedman was issued by a district court judge while the remand order in the instant case was issued by a magistrate. As such, Foster argues that the remand order "did not become effective under Rule 72 until such time as it could be reviewed by a district judge ... or until after 10 days passed without objection. Finally, Foster asserts that both the district court and this court can review the remand order pursuant to an exception to the "no review" clause of Sec. 1447 recognized by the Supreme Court in Thermtron Products Inc. v. Hermansdorfer, 423 U.S. 336 (1976). Foster argues that the order is reviewable because the magistrate and the district court clerk exceeded their authority by issuing the premature remand order. Wilkens joins in Foster's arguments.
 
 
 17
 In response, Hallstrom argues that 28 U.S.C. Sec. 1447(d) bars review of the remand order by both the district court and this court and that the Supreme Court's exception in Thermtron is not applicable. Hallstrom asserts that the exception does not apply when a district court's remand order is based on a lack of subject matter jurisdiction. Hallstrom points out that, under the law of the Ninth Circuit and other circuits, the event that divests the district court of jurisdiction is the mailing of the certified copy of the remand order to the state court clerk. See Hunt v. Acromed, 961 F.2d 1079 (3d. Cir.1992); Seedman v. United States Dist. Court, 837 F.2d 413 (9th Cir.1988); Browning v. Navarro, 743 F.2d 1069 (5th Cir.1984).
 
 
 18
 Regarding Foster's due process arguments, Hallstrom points out that Rule 72(a) specifically authorizes a magistrate to enter an order on a nondispositive matter. By contrast, Hallstrom notes that Rule 72(b) allows a magistrate to enter a recommendation on a dispositive matter. Hallstrom states that the recommendation is not immediately effective and is subject to delayed finality. But the magistrate's nondispositive order, Hallstrom argues, is a final ruling and binding on the parties unless stayed by the district court. Hallstrom argues that because remand orders are considered nondispositive and hence immediately effective, the district court's failure to consider Foster's objections did not render the order ineffective. Hallstrom maintains that "due process does not require a decision by an Article III judge on a nondispositive motion, such as a motion to remand."
 
 
 19
 A writ of mandamus is "an extraordinary remedy to be reserved for extraordinary situations." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); In Re United States, 877 F.2d 1568, 1571 (Fed.Cir.1989). The party seeking mandamus must show that there are exceptional circumstances amounting to a judicial usurpation of power and that its right to issuance of a writ is clear and indisputable. Gulfstream, 485 U.S. at 289.
 
 
 20
 We agree with Foster that it is unfortunate that the district court clerk prematurely certified the magistrate's remand order before the district court could review it. On the other hand, we agree with Hallstrom that Sec. 1447(d)'s "no review" restriction precludes us from reviewing the matter. The Supreme Court has held that remand orders based on Sec. 1447(c), lack of subject matter jurisdiction, are not reviewable "by mandamus or otherwise" pursuant to Sec. 1447(d). Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723 (1977). The Ninth Circuit's holding in Seedman is also instructive. In Seedman, the district court remanded a case to state court believing that the original removal from state court to district court was untimely. One month later, defendants argued that the remand order was erroneous. The district court apparently retrieved the case and vacated the remand order on its belief that the remand order was based on a clerical error.
 
 
 21
 Seedman petitioned the Ninth Circuit for a writ of mandamus arguing that the district court lacked jurisdiction to vacate its remand order. The Ninth Circuit agreed. The Ninth Circuit construed the language of Sec. 1447(d) as barring "not only appellate review but also reconsideration by the district court." Seedman, 744 F.2d at 414. The court explained that "[a] remand order returns the case to the state courts and the federal court has no power to retrieve it." The Ninth Circuit also interpreted the Supreme Court's holding Thermtron as allowing review of remand order only when the order was "issued on grounds not authorized by Sec. 1447(c)." The explicit language of Sec. 1447(d) bars review of a remand order "on appeal or otherwise." The Ninth Circuit points out that this language has been "universally construed" to preclude appellate review. Seedman, 837 F.2d at 414.
 
 
 22
 In Seedman, the Ninth Circuit specifically rejected the petitioner's attempt to obtain review of a remand order by mandamus. Although Seedman did not address a remand order issued by a magistrate, neither Foster nor Hallco has presented any persuasive authority for the proposition that a lack of district court review of a matter entrusted to a magistrate rises to the level of a constitutional violation.* Further, the one case that does address the reviewability of a remand order issued by a magistrate held that a district court is divested of jurisdiction to review such a remand order once the clerk certifies the order of the magistrate to the state court. See City of Jackson, Miss. v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122 (S.D.Miss.1993) (district court refuses to review remand order notwithstanding its recognition that "the clerk's error effectively denied Defendant the right to review of the magistrate judge's order guaranteed by Rule 72(a)"). Finally, this circuit has also rejected a petitioner's request for mandamus review of a remand order as contrary to Supreme Court precedent and the established law of Sec. 1447(d). See In re Oximetrix, Inc., 748 F.2d 637 (Fed.Cir.1984).
 
 
 23
 We are not persuaded that the Supreme Court's exception to Sec. 1447(d), set forth in Thermtron, applies to this case. The Supreme Court in Thermtron carefully limited an appellate court's authority to review a remand order to those instances when the district court remanded "on grounds wholly different from those upon which Sec. 1447(c) permits remand", i.e. when the district court's ruling was not based on a lack of subject matter jurisdiction. Thermtron, 423 U.S. at 344. In this case, the magistrate based its ruling on a lack of subject matter jurisdiction. Consequently, Thermtron's exception does not apply.
 
 
 24
 Foster and Wilkens have not shown that their entitlement to the extraordinary remedy of mandamus is clear and indisputable. The cited cases addressing the issue of reviewability of a premature or inadvertent remand situation weigh against petitioners. Although it is unfortunate that the premature certification resulted in a lack of district court review, the language of Sec. 1447(d) is clear. We may not review this matter.
 
 
 25
 Accordingly,
 
 IT IS ORDERED THAT:
 
 26
 Foster and Wilkens' petitions for writs of mandamus are denied.
 
 
 
 *
 Foster's authorities deal with the constitutionality of 28 U.S.C. Sec. 636 which allows a district court judge to designate a magistrate to hear certain pretrial motions and conduct hearings. However, neither United States v. Raddatz, 447 U.S. 667 (1979) nor Coolidge v. Schooner California, 637 F.2d 1321 (9th Cir.1981) supports Foster's broad assertion that due process requires district court review of a remand order. Both cases address whether due process requirements were met concerning the disposition of dispositive orders. See Raddatz, 447 U.S. at 680-84 (the "proper balance between the demands of due process and the constraints of Article III" was met by Sec. 636(b)(1) which provides for de novo review by a district court of dispositive matters decided by a magistrate, such as a motion to suppress); Coolidge, 637 F.2d at 1325-27 (failure of the district court to provide de novo review of magistrate's dispositive determination of a civil case required reversal). Because the cited authorities concern de novo review of dispositive orders rather than nondispositive orders such as remand, they are not on point