**Mary Ann CAMPBELL and Fred Campbell, her husband, Plaintiffs,**

v.

**INTERNATIONAL BUSINESS MACHINES, et al., Defendants.**

**Civil Action No. 95–3779 (JCL).**

United States District Court, D. New Jersey.

Jan. 19, 1996.

Michael A. Galpern, Greitzer & Locks, Cherry Hill, NJ, for Plaintiffs.

John A. Guernsey, Conrad, O'Brien, Gellman, et al, Moorestown, NJ, for Defendants.

### MEMORANDUM and ORDER

LIFLAND, District Judge.

Defendant International Business Machines ("IBM") appeals [1] a magistrate's October 25, 1995 Letter–Opinion and Order remanding this action to the New Jersey Superior Court. It argues that the remand constituted legal error because original jurisdiction inhered in this Court, rendering the action properly removable pursuant to 28 U.S.C. § 1441(a). The plaintiffs respond that this Court lacks jurisdiction to review the order and, in the alternative, that the Court should affirm the decision as legally correct. Both parties also debate whether a remand order is dispositive or nondispositive, and the relevant standards of district court review that attach under each view. For reasons more fully developed below, the Court holds that remand orders are nondispositive. It further holds that the Court may not review the magistrate's decision since a certified copy of the Order of Remand has been sent to the Superior Court, stripping this Court of jurisdiction to enter orders binding upon the parties.

### Background

On July 7, 1995, plaintiffs filed this tort suit in the Superior Court of New Jersey, Middlesex County, Law Division. Defendant IBM timely removed the action, asserting that federal subject matter jurisdiction existed since the parties were completely diverse and the amount in controversy exceeded $50,000. *See* 28 U.S.C. §§ 1332 and 1441. After plaintiffs moved to remand the case to state court, the magistrate issued a Letter–Opinion and Order granting plaintiffs' motion on October 25, 1995. Reasoning that the Complaint was devoid of any reliable infor-

1. Given the conflict in this district as to whether a remand order is dispositive or nondispositive, this Court instructed IBM to denominate its application for relief as it deemed appropriate. Covering both alternatives, IBM called this application an appeal from, and objection to, the magistrate's Letter–Opinion and Order. Because the Court concludes that a remand order is nondispositive, a conclusion discussed at length below, it refers to this application as an appeal from a magistrate decision.

mation as to the "worth" of the action, the magistrate held that diversity jurisdiction did not exist because § 1332's amount in controversy requirement was not clearly satisfied. The case was remanded with the understanding that IBM could remove it again if subsequent proceedings reveal that the amount in controversy indeed exceeds $50,000. *See* October 25, 1995 Letter–Opinion and Order at 3.

## Discussion

■ Cognizant of the dictates of Article III, which require that only judges with tenure and salary protection conduct core judicial business, Congress has precluded magistrates from issuing orders that "determine[ ] with finality the duties of the parties." *N.L.R.B. v. Frazier,* 966 F.2d 812 (3d Cir. 1992). The Magistrates Act permits a magistrate to issue nondispositive pretrial orders but denies authority to issue the dispositive orders specifically enumerated therein.

[A] judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

By designation of a district judge, however, a magistrate may conduct evidentiary hearings and submit to the judge "proposed findings of fact and recommendations" for disposition of any dispositive motion. *See* 28 U.S.C. § 636(b)(1)(B). Within ten days after receiving a copy of the magistrate's report and recommendation, a party may file written objections which the court considers in a *de novo* review of the magistrate's recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Thus, whether remand orders are considered dispositive or nondispositive has important implications for the standard of review applied by the district court, assuming of course that review does not contravene the removal statute. If they are dispositive, the district court reviews the determination *de novo.* If remand orders are nondispositive, the reviewing court applies a relaxed clearly erroneous or legal error standard. *See Unauthorized Practice of Law Committee v. Gordon,* 979 F.2d 11, 12–13 (1st Cir.1992); *Fed.R.Civ.P.* 72(a); Local Rule 40(A)(1).

*Are Remand Orders Dispositive?*

■ District courts within this district have disagreed about whether remand orders are dispositive or nondispositive. *Compare North Jersey Sav. & Loan Ass'n v. Fidelity & Deposit Co.,* 125 F.R.D. 96 (D.N.J.1988) (Judge Wolin concluding that remand orders are nondispositive) and *Hitachi Cable America, Inc. v. Wines,* 1986 WL 2135 (D.N.J.) (then District Judge Sarokin noting that remand orders are nondispositive) *with Giangola v. Walt Disney World Company,* 753 F.Supp. 148 (D.N.J.1990) (Judge Debevoise holding that remand orders are dispositive and therefore magistrates may only issue reports and recommendations). An order of remand clearly is not one of the dispositive orders specifically enumerated in 28 U.S.C. § 636(b)(1)(A), a factor essential to Judge Wolin's decision that remand orders are nondispositive and therefore properly issued by magistrate judges. *See North Jersey Sav. & Loan,* 125 F.R.D. at 98. Judge Debevoise, in contrast, viewed remands as involuntary dismissals, compelling the conclusion that such orders are dispositive and beyond the statutory and constitutional power of magistrate judges.

This Court, joining the majority of district courts that have addressed this question, concludes that remand motions are nondispositive and can be determined by a magistrate judge by final order. *See, e.g., North Jersey Sav. & Loan Ass'n,* 125 F.R.D. at 98; *MacLeod v. Dalkon Shield Claimants Trust,* 886 F.Supp. 16, 18 (D.Or.1995); *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.,* 844 F.Supp. 1156 (S.D.Tex. 1994); *Banbury v. Omnitrition Intern., Inc.,* 818 F.Supp. 276, 279 (D.Minn.1993); *City of Jackson, Miss. v. Lakeland Lounge of Jackson, Inc.,* 147 F.R.D. 122, 124 (S.D.Miss.

1993); *Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866, 868 (W.D.N.Y.1991); *McDonough v. Blue Cross of Northeastern Pennsylvania*, 131 F.R.D. 467 (W.D.Pa.1990). *But see Giangola*, 753 F.Supp. at 152; *Long v. Lockheed Missiles and Space Co., Inc.*, 783 F.Supp. 249, 250 (D.S.C.1992). That remand orders are not specifically mentioned in § 636(b)(1)(A) is relevant (although not critical) to the Court's analysis. More important is the fact that remands merely transfer the action to a different forum rather than finally resolving the substantive rights and obligations of the parties.

This analysis accords with the Third Circuit's approach to the dispositive/nondispositive characterization problem generally, an approach that examines the nature of the matter decided rather than looking solely at the literal language of the statute. *See N.L.R.B.*, 966 F.2d at 817 (deciding that an order to quash a subpoena in that case was dispositive because "it determine[d] with finality the duties of the parties"). Accordingly, this Court believes that *Giangola* would have been decided differently if *N.L.R.B. v. Frazier* had been on the books when *Giangola* was decided. The Court holds that remand orders are nondispositive.

*Jurisdiction to Decide This Appeal*

▮▮▮▮ As discussed above, a district court reviews the nondispositive order of a magistrate judge for legal error or clearly erroneous findings of fact. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); Local Rule 40(A)(1). But review of a remand order presents an unusual wrinkle since Congress has decided that "[a]n order remanding a case to the State court ... is not reviewable on appeal or otherwise", with certain exceptions not relevant to this discussion. 28 U.S.C. § 1447. Where the remand decision was predicated on the perceived lack of original jurisdiction in the federal court, the Supreme Court and the Third Circuit have interpreted § 1447 to bar appellate review of

even the most egregiously erroneous remand orders. *See Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *Korea Exchange Bank v. Trackwise Sales Corp.*, 66 F.3d 46 (3d Cir.1995); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217 (3d Cir.1995).

Construing the removal statute in isolation, it seems clear that the magistrate's remand order would not be reviewable since he predicated it on a jurisdictional defect— the defendant's failure to demonstrate that this controversy could potentially result in damages exceeding $50,000. However, some courts have held that the removal statute does not exist in isolation but must be read *in pari materia* with the amendment to the Magistrates Act enacted some 27 years *after* Congress passed the removal provision.[2] The amendment provided for appeal of nondispositive orders "notwithstanding any provision of law to the contrary", 28 U.S.C. § 636(b)(1), which these courts have interpreted to override the broad bar to appellate review outlined in the removal statute. *See North Jersey Sav. & Loan Ass'n*, 125 F.R.D. at 99 ("Congress knew of the Removal Act's prohibition on review when it added this broadly pre-emptive language. Since Congress apparently chose not to exempt the Removal Act from the review provision of § 636(b)(1)(A), this Court concludes that a magistrate's remand order under § 1447 is subject to review by the district court."); *Unauthorized Practice of Law Committee v. Gordon*, 979 F.2d 11, at 13–14 (although court did not need to decide the proper relationship between the two statutes, it noted the *North Jersey Sav. & Loan Ass'n* analysis).

▮▮▮▮ This Court will not decide whether § 636(b)(1) trumps § 1447(d) because irrespective of its resolution of this interpretive question, the Court no longer has jurisdiction to review the decision. In the Third Circuit, once the court clerk mails a certified copy of

---

**2.** As explained in *North Jersey Sav. & Loan Ass'n*, Congress adopted the current version of 28 U.S.C. § 636(b) in a 1976 amendment to the Magistrates Act. Pub.L. No. 94–577. The rele-

vant section of the Removal Act, 28 U.S.C. § 1447(d), was enacted in 1949. Act of May 24, 1949, ch. 139, § 84, 63 Stat. 102. *See North Jersey Sav. & Loan Ass'n*, 125 F.R.D. at 98 n. 1.

the remand order to the state court, as has occurred here, district court jurisdiction terminates. *See Trans Penn Wax Corp. v. McCandless,* 50 F.3d 217 (3d Cir.1995); *Hunt v. Acromed Corp.,* 961 F.2d 1079 (3d Cir.1992).[3] Although Article III judges issued the remand orders in *Hunt* and *McCandless,* other courts have declared it constitutionally permissible for the court clerk to mail a magistrate's remand order prior to district court review. *See In re Foster,* 52 F.3d 343, 1995 WL 138963 (Fed. Cir.1995). *Cf. City of Jackson, Miss. v. Lakeland Lounge of Jackson, Inc.,* 147 F.R.D. 122 (S.D.Miss.1993) (although constitutional issues not mentioned, court dismissed appeal of magistrate's remand order for lack of jurisdiction).

The Court concedes the result here seems to accord determinative weight to the ministerial act of mailing the order to the Superior Court. Yet such is the rule in the Third Circuit, a rule designed to establish a determinable jurisdictional event after which the state court can resume sole control over a case.

Accordingly, **IT IS** on this 18th day of January, 1996, **ORDERED** that IBM's appeal of the magistrate's October 25, 1995 Letter–Opinion and Order is dismissed for lack of jurisdiction. IBM may remove the case again if it later becomes clear that this Court has subject matter jurisdiction.

---

**3.** The *North Jersey Sav. & Loan Ass'n* opinion does not indicate whether a certified copy of the remand order had already been mailed to the state court. Presumably, the court still had jurisdiction to undertake the limited review of the magistrate's remand order prescribed in § 636(b)(1)(A).