**R. David YOUNG, Trade Wind Yachts, Inc., Maryland, Trade Wind Yachts, Ltd., and Trade Wind Yachts, Inc., Delaware, Plaintiffs,**

v.

**W. Craig JAMES, Susan L. Storey, and Camas Prairie Company, Inc., Defendants.**

Action No. 4:95cv151.

United States District Court, E.D. Virginia, Newport News Division.

July 9, 1996.

Mark T. Coberly, Vandeventer, Black, Meredith & Martin, Norfolk, VA, and Philip L. Hatchett and Joseph M. Durgan, Cumming, Hatchett, Moschel & Patrick, Hampton, VA, for Plaintiffs.

Russell J. Gaspar, Cohen & White, Washington, DC, for Defendants.

### ORDER

CLARKE, District Judge.

This matter is before the Court on Defendants' Objections to Magistrate Judge James E. Bradberry's Opinion and Order of March 21, 1996, pursuant to Rule 72 of the Federal Rules of Civil Procedure. Because the Court **FINDS** that the Magistrate's Order is not clearly erroneous or contrary to law, the Court **AFFIRMS** the Opinion and Order.

## I. BACKGROUND AND PROCEDURAL HISTORY

On March 21, 1996, Magistrate Judge James E. Bradberry entered an Opinion and

Order in this matter, which thoroughly detailed the procedural history and background of this case up until that date. On April 1, 1996, the Defendants filed Objections to the Opinion and Order. This Court heard arguments on these objections on June 25, 1996. The matter is now ready for adjudication.

## II. ANALYSIS

### A. Standard of Review of the Magistrate Judge's Pretrial Order

The first issue is what standard of review this Court should apply to the Magistrate Judge's Opinion and Order of March 21, 1996. Defendants have objected to the magistrate judge's grant of (1) Plaintiffs' motion to amend and (2) Plaintiffs' motion to remand. Defendants have filed their objections pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which provides that a district judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

■ A motion to amend is generally considered a nondispositive pretrial motion, subject to the Rule 72(a) standard of review. *See Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir.1993) ("Under ordinary circumstances a motion to amend a complaint is 'a pretrial matter not dispositive of a claim or defense of a party' within the purview of Fed.R.Civ.P. 72(a)." (citations omitted)). There is a split in the case law, however, as to whether or not a magistrate judge has the authority to enter a final order on a motion to remand. The decisions have turned on whether a motion to remand is a "dispositive" matter within the meaning of § 636(b)(1) of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Federal Rules of Civil Procedure.[1] All decisions on this issue have been by district courts, *see* discussion *infra*, although one circuit court has noted the split in the district courts, *Unauthorized Practice of Law Comm. v. Gordon*, 979 F.2d 11 (1st

Cir.1992) (noting the existence of two lines of cases but commenting that the court will not "enter the fray").

Most district courts confronting this issue have determined that a motion to remand is a nondispositive matter and consequently within a magistrate judge's authority to decide by final order. *Campbell v. International Business Machines*, 912 F.Supp. 116 (D.N.J.1996); *MacLeod v. Dalkon Shield Claimants Trust*, 886 F.Supp. 16, 18 (D.Or. 1995); *Vaquillas Ranch Co. v. Texaco Exploration & Prod., Inc.*, 844 F.Supp. 1156 (S.D.Tex.1994); *Banbury v. Omnitrition Int'l, Inc.*, 818 F.Supp. 276, 279 (D.Minn. 1993); *City of Jackson v. Lakeland Lounge of Jackson, Inc.*, 147 F.R.D. 122, 124 (S.D.Miss.1993); *Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866, 868 (W.D.N.Y.1991); *McDonough v. Blue Cross of Northeastern Pennsylvania*, 131 F.R.D. 467 (W.D.Pa. 1990); *North Jersey Savs. & Loan Ass'n v. Fidelity & Deposit Co.*, 125 F.R.D. 96, 98 (D.N.J.1988); *Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*, 594 F.Supp. 583, 586 (D.Me.1984).

The holdings in these cases were based primarily on two rationales. First, many of the district courts grounded their decisions, in part, on the fact that a motion to remand is not one of the motions listed in § 636(b)(1)(A) of the Federal Magistrates Act. 28 U.S.C. § 636(b)(1)(A) (1994). This section specifically lists eight types of motions on which a magistrate judge may only submit proposed findings of fact and recommendations; these findings and recommendations are then subject to de novo review by a district judge.[2] A few courts have held § 636(b)(1)(A) to be exhaustive listing of all dispositive civil matters, thereby designating unlisted motions, such as motions to remand, as nondispositive. *Vaquillas Ranch*, 844 F.Supp. at 1162; *McDonough*, 131 F.R.D. at 472. Other courts, although not deeming the list exhaustive, have regarded it as an ex-

---

**1.** Neither the statute nor the rule defines the term "dispositive" or refers to remand motions.

**2.** The eight motions listed are: motions for injunctive relief, judgment on the pleadings, summary judgment, to dismiss or quash an indictment or information made by a defendant, to

suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A).

tremely relevant factor in the determination of whether a motion to remand should be considered dispositive. *E.g., Campbell,* 912 F.Supp. at 119.

The second basis for finding remand motions to be nondispositive lies within the language of Rule 72. Although neither Rule 72(a) nor 72(b) defines the term dispositive, both rules indicate that a magistrate judge may only enter an order, as opposed to a report and recommendation, in a matter "not dispositive of a claim or defense of a party." *See* Fed.R.Civ.P. 72(a)–(b). Some district courts have determined that because a motion to remand only affects the appropriate *forum* a party may use to present its claims and does not affect the actual claims or defenses of the party, the motion must necessarily be nondispositive. *See Campbell,* 912 F.Supp. at 119.

On the other hand, two courts have held that a remand order is equivalent to an involuntary dismissal order[3] and consequently held it to be a dispositive motion. *Long v. Lockheed Missiles & Space Co.,* 783 F.Supp. 249, 250–51 (D.S.C.1992); *Giangola v. Walt Disney World Co.,* 753 F.Supp. 148, 152 (D.N.J.1990); *see also U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir.1992) (holding that a motion for realignment which, when granted, leads to the loss of subject matter jurisdiction should be considered a dispositive motion). Involuntary dismissals, however, are governed by Rule 41(b) of the Federal Rules of Civil Procedure, which provides that "a dismissal under this subdivision and any dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction* . . . operates as an adjudication upon the merits." Fed. R.Civ.P. 41(b). Therefore, under this section, dismissals for lack of subject matter jurisdiction are not considered to be final decisions of a party's claims. The language of Rule 41(b) read in conjunction with Rule 72 thus provides support for the first line of cases and weakens the *Giangola–Long* argument.

The Court finds persuasive the reasoning and analysis of the cases holding that motions to remand should be considered nondispositive. Consequently, the motions to amend and remand at issue in this case shall be treated as nondispositive motions and will be reviewed under a clearly erroneous or contrary to law standard. Fed.R.Civ.P. 72(a).

**B. Plaintiffs' Motions**

The motions at issue before the Court are a motion to amend the complaint and a motion to remand for lack of subject matter jurisdiction. Plaintiffs seek to amend the name of Plaintiff "Trade Wind Yachts, Ltd., a *Maryland* Corporation," to "Trade Winds Yachts, Ltd., a *Delaware* Corporation." They claim that the name was inadvertently misspelled and was also misidentified as a Maryland corporation when, in fact, it is a Delaware corporation. If Plaintiffs' amendment is permitted, diversity jurisdiction will be destroyed because Defendant Camas Prairie Corporation is also a Delaware corporation. *See* 28 U.S.C. § 1332 (1994) (requiring the suit to be between citizens of different states); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) (diversity of citizenship must be complete). Consequently, pursuant to 28 U.S.C. § 1447(c), the Court would be required to remand the case to the Circuit Court for the County of Gloucester, Virginia.

**1. motion to amend**

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court explained the scope of this rule in *Foman v. Davis:*

> In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

---

**3.** Involuntary dismissals are one of the types of motions listed in § 636(b)(1)(A). *See* list *supra* note 2.

**28**

amendment, etc.—the leave sought should, as the rules require, be "freely given." 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *accord EEOC v. Alford,* 142 F.R.D. 283, 290 (E.D.Va.1992). Leave to amend is within the district court's discretion; however, the court should not use its discretion "either arbitrarily[ ] or in a way that undermines the basic policy of the rule." *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.), *cert. dismissed,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980).

 Defendants argue that the motion to amend should not be permitted because several of the *Foman* exceptions apply in this case: (1) Plaintiffs acted in bad faith; (2) Plaintiffs' amendment is futile; and (3) Defendants will be prejudiced by the amendment. *Foman,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The magistrate judge addressed each of these arguments in his Opinion and Order. The Court **FINDS** that the analysis and holding of the magistrate judge is not clearly erroneous or contrary to law. Accordingly, the magistrate judge's decision to grant Plaintiffs' motion to amend is **AFFIRMED.**

**2. motion to remand**

Upon amendment of Plaintiffs' complaint to indicate that one of the corporate Plaintiffs was incorporated in the state of Delaware, diversity jurisdiction was defeated. The magistrate judge remanded the case back to state court as required by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (1994). The magistrate judge's holding was not clearly erroneous or contrary to law; accordingly, the Court AFFIRMS the decision of the magistrate judge to remand the case.

### III. CONCLUSION

For the above-mentioned reasons, the Opinion and Order of the magistrate judge is **AFFIRMED.**

The Clerk is **DIRECTED** to send a copy of this Order to counsel for all parties.

The Clerk is **REQUESTED** to forward a certified copy of this Order and the Opinion and Order of the Magistrate Judge to the Circuit Court for the County of Gloucester, Virginia. *See* 28 U.S.C. § 1447(c) (1994).

**IT IS SO ORDERED.**