Wayne DeCASTRO, Paul Weiss and John Solano, individually and on behalf of all others similarly situated, Plaintiffs,

v.

AWACS, INC., d/b/a Comcast Metrophone, Defendant.

Civil Action No. 96–1452.

United States District Court, D. New Jersey.

Oct. 10, 1996.

Peter L. Masnik, Kalikman & Masnik, Haddonfield, NJ, Sherrie R. Savett, Kenneth L. Fox, Berger & Montague, P.C., Philadelphia, PA, Edward P. Clayman, Philadelphia, PA, for Plaintiffs.

Mary E. Kohart, Seamus C. Duffy, Mary Catherine Roper, Jeanine M. Kasulis, Drinker, Biddle & Reath, Princeton, NJ, for Defendant.

## OPINION

ORLOFSKY, District Judge:

This matter is before this Court on Defendant's Notice of Appeal, filed pursuant to

Fed.R.Civ.P. 72(a),[1] from Magistrate Judge Kugler's Order and Decision, dated August 2, 1996, remanding the case to the Superior Court of New Jersey, Law Division, Camden County. *DeCastro v. AWACS, Inc.*, 935 F.Supp. 541 (D.N.J.1996).

Defendant's Notice of Appeal raises two threshold issues which must be addressed by this Court prior to its ruling on the merits of the appeal. These threshold issues are: (1) whether a magistrate judge possesses the legal authority to issue a final order remanding to state court a case removed to this Court; and (2) if so, whether the Court Clerk's mailing of the certified copy of a magistrate judge's order to remand to the state court divests a federal district court of jurisdiction to review the magistrate judge's order to remand.

For the reasons that follow, I conclude that a magistrate judge may order a remand to state court of a case removed to this Court and that the Clerk's mailing of the certified copy of the magistrate judge's order of remand to the state court deprives this Court of jurisdiction to review the remand order. Accordingly, Defendant's Notice of Appeal will be dismissed.

### I. Facts and Procedural History

On February 23, 1996, Plaintiffs, Wayne DeCastro, Paul Weiss and John Solano, individually and on behalf of all others similarly situated, filed a class action complaint in the Superior Court of New Jersey, Law Division, Camden County, against Defendant, AWACS, Inc., d/b/a/ Comcast Metrophone ("Comcast"), alleging consumer fraud and other state law claims based upon Comcast's alleged failure to disclose to its cellular telephone customers certain billing practices.[2]

On March 25, 1996, Comcast removed the action to this Court, claiming that subject matter jurisdiction was proper pursuant to 28 U.S.C. § 1332, based upon diversity of

---

1. Defendant's Notice of Appeal is also filed pursuant to 28 U.S.C. § 636(c)(4) and Rule 40D(4)(a) of the General Rules of the United States District Court for the District of New Jersey, both of which permit an aggrieved party to appeal a decision of a Magistrate Judge on a non-dispositive issue to the United States District Court.

2. Specifically, Count I alleges a violation of the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8–1 *et seq.*, Count II contains a breach of contract claim, Count III alleges a breach of an implied duty of good faith and fair dealing, and Count IV contains a claim for unjust enrichment.

citizenship and alleged damages in excess of fifty thousand dollars, exclusive of interest and costs, and alternatively, pursuant to 28 U.S.C. § 1331, alleging that the action arose under federal law.

On May 9, 1996, Plaintiffs filed a motion to remand the case to the state court, claiming that this Court lacked subject matter jurisdiction. As it is this Judge's practice to refer all "discovery and non-dispositive" motions, including motions to remand, to the designated magistrate judge for disposition, Plaintiffs' motion to remand was referred to Magistrate Judge Kugler.[3] By order and opinion, dated August 2, 1996, Magistrate Judge Kugler granted the Plaintiffs' motion to remand, finding that no basis for federal jurisdiction existed. *See DeCastro v. AWACS, Inc.*, 935 F.Supp. 541 (D.N.J.1996).[4] The order to remand the action was entered on the docket by the Clerk of this Court on August 2, 1996. The Clerk of this Court returned the action to the New Jersey Superior Court on August 6, 1996, by transmitting a certified copy of the order to remand to the Clerk of the Superior Court, Law Division, Camden County.

On August 16, 1996, Defendant filed its Notice of Appeal, requesting that this Court vacate or reverse Magistrate Judge Kugler's August 2, 1996, Order.[5]

## II. Discussion

### A. *Authority of Magistrate Judge to Issue Remand Order*

The Magistrates Act provides in relevant part that:

a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). *See also* Rule 40A of the General Rules of the United States District Court for the District of New Jersey (permitting a magistrate judge to hear non-dispositive motions "in accordance with 28 U.S.C. § 636(b)(1)(A)").

In essence, the Magistrates Act permits a magistrate judge to issue a final order deciding any non-dispositive pretrial motion. However, where a motion is dispositive, the Magistrates Act permits a magistrate judge to:

conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition.

28 U.S.C. § 636(b)(1)(B). The legislative history of the Magistrates Act provides some guidance in clarifying the scope of a magis-

---

3. The Notice of Allocation and Assignment filed on March 25, 1996, and sent to all parties, informed the parties that "all discovery and other non-dispositive matters will be assigned to United States Magistrate–Judge Robert B. Kugler."

4. Magistrate Judge Kugler held that federal jurisdiction in this class action was improper on diversity grounds under 28 U.S.C. § 1332 because the Defendant had "not met its 'heavy burden' of demonstrating that the amount in controversy is satisfied as to each individual class member." *DeCastro*, 935 F.Supp. at 548. In addition, Magistrate Judge Kugler held that there was no federal question jurisdiction under 28 U.S,C. § 1331 because the Federal Communications Act, 47 U.S.C. §§ 151 *et seq.*, does not "completely pre-empt" the Plaintiffs' state-law allegations. *DeCastro*, 935 F.Supp. at 555.

5. Defendant first contends that Magistrate Judge Kugler's order to remand should be vacated because Magistrate Judge Kugler went beyond the scope of his legal authority under 28 U.S.C. § 636(b)(1)(A) in issuing a final order to remand. Second, Defendant argues that even if the order to remand was properly issued, the sending of a certified copy of the order to remand by the Clerk of this Court to the Superior Court of New Jersey should not divest this Court of jurisdiction to hear the appeal of the order. Finally, Defendant asserts that Magistrate Judge Kugler's order to remand was clearly erroneous and contrary to law, and therefore should be reversed by this Court.

trate judge's decision-making authority by providing that, "Congress intends that the magistrate shall have the power to make a determination of any pretrial matter (except the enumerated dispositive motions)." H.Rep. No. 1609, 94th Cong., 2d Sess., *reprinted in* 1976 U.S.C.C.A.N. 6162, 6170.

■ Accordingly, Magistrate Judge Kugler's authority to enter a final order on a motion to remand depends upon whether a motion to remand is a "dispositive" or a "non-dispositive" motion. Although no federal appellate court has squarely addressed this issue, the vast majority of the district courts, within this district and elsewhere, that have confronted this issue, have held that a motion to remand is "non-dispositive," and therefore, can be determined by a magistrate judge by final order in accordance with 28 U.S.C. § 636(b)(1)(A). *See, e.g., Campbell v. International Business Machines,* 912 F.Supp. 116 (D.N.J.1996) (Lifland, J.); *North Jersey Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Maryland,* 125 F.R.D. 96 (D.N.J.1988) (Wolin, J.); *Tinkham v. Mass Mutual Life,* No. 96–2058, 1996 WL 673527 (D.N.J. Sept. 25, 1996) (Wolin, J.); *Weinberg v. Sprint Corp.,* No. 96–354, 1996 WL 673501 (D.N.J. May 23, 1996) (Wolin, J.); *Hitachi Cable America, Inc. v. Wines,* No. 85–4265, 1986 WL 2135 (D.N.J. Feb. 14, 1986) (Sarokin, J.); *MacLeod v. Dalkon Shield Claimants Trust,* 886 F.Supp. 16 (D.Or.1995); *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.,* 844 F.Supp. 1156 (S.D.Tex.1994); *Banbury v. Omnitrition Int'l, Inc.,* 818 F.Supp. 276, 279 (D.Minn.1993). *But see Giangola v. Walt Disney World Co.,* 753 F.Supp. 148 (D.N.J. 1990) (Debevoise, J.); *Long v. Lockheed Missiles and Space Co., Inc.,* 783 F.Supp. 249, 250 (D.S.C.1992).

The courts which have held that a remand order is a "non-dispositive" pretrial order have noted that remand orders are not among those orders specifically enumerated in 28 U.S.C. § 636(b)(1)(A) that a magistrate judge is without the authority to issue.[6] *See, e.g., Campbell,* 912 F.Supp. at 119; *North Jersey Sav. & Loan,* 125 F.R.D. at 98. In

enacting the Magistrates Act, Congress's stated intention was to empower a magistrate judge to issue a final order in any pretrial matter "except the enumerated dispositive motions." H.Rep. No. 1609, 94th Cong., 2d Sess., *reprinted in* 1976 U.S.C.C.A.N. at 6170. Accordingly, I find that the omission of a motion to remand from § 636(b)(1)(A) is of some relevance to the resolution of the question whether a remand order is non-dispositive.

■ Aside from the exclusion of a remand order from § 636(b)(1)(A)'s list of dispositive motions, the language contained in Fed.R.Civ.P. 72(a) is also illuminating to the proper characterization of a remand order. Rule 72(a) provides that a magistrate judge may enter any final order which is "not dispositive of a claim or defense of a party." It is clear that a remand order is not an order which disposes of any claim or defense of a party. A remand order "merely transfer[s] the action to a different forum rather than finally resolving the substantive rights and obligations of the parties." *Campbell,* 912 F.Supp. at 119. Indeed, a "motion to remand does not reach the merits of the underlying dispute but instead decides only the question of whether removal to the federal court was proper." *City of Jackson, Mississippi v. Lakeland Lounge of Jackson, Inc.,* 147 F.R.D. 122, 124 (S.D.Miss.1993). After the disposition of a motion to remand, "[t]he parties remain free to litigate the merits of the case ... whether in state or federal court." *Id.*

■ For these reasons, I conclude that a remand order is a "non-dispositive" order. Accordingly, pursuant to § 636(b)(1)(A), I find that Magistrate Judge Kugler had the authority to issue a final order resolving Plaintiffs' motion to remand.

B. *This Court's Ability to Review Magistrate Judge Kugler's Remand Order*

■ Having concluded that Magistrate Judge Kugler acted within the scope of his authority in issuing the final order to re-

---

**6.** These enumerated motions are: motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment, to permit the maintenance of a class action, to dismiss a complaint for failure to state a claim, and to involuntarily dismiss an action.

mand, I must now determine whether this Court has the ability to review his order. Ordinarily, "a district court reviews the non-dispositive order of a magistrate judge for legal error or clearly erroneous findings of fact." *Campbell,* 912 F.Supp. at 119. However, as observed by the Court in *Campbell,* a "review of a remand order presents an unusual wrinkle since Congress has decided that '[a]n order remanding a case to the State court . . . is not reviewable on appeal or otherwise,' with certain exceptions not relevant to this discussion." *Id.* (citing 28 U.S.C. § 1447[7]). Indeed, "[w]here the remand decision was predicated on the perceived lack of original jurisdiction in the federal court, the Supreme Court and the Third Circuit have interpreted Section 1447 to bar appellate review of even the most erroneous remand orders." *Id.* (citing *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *Korea Exch. Bank v. Trackwise Sales Corp.,* 66 F.3d 46 (3d Cir.1995); *Trans Penn Wax Corp. v. McCandless,* 50 F.3d 217 (3d Cir. 1995)).

Thus, when read in isolation, § 1447 appears to divest this Court of the power to review Magistrate Judge Kugler's remand order since his order was, in fact, based on his "perceived lack of original jurisdiction in the federal court." *Id. See DeCastro,* 935 F.Supp. at 545. The Magistrates Act, as amended in 1976, however, provides for the appeal of non-dispositive orders of a magistrate judge, "notwithstanding any provision of law to the contrary." 28 U.S.C. § 636(b)(1).

■ Recognizing this apparent inconsistency between the language of the Removal Act and the Magistrates Act, in *North Jersey Sav. & Loan Ass'n,* 125 F.R.D. at 99, the Court sought to harmonize these two provisions. In so doing, the Court first explained that the current version of § 636(b) was adopted by Congress in an amendment to the Magistrates Act in 1976, and the relevant provision of the Removal Act, § 1447(d), was

enacted in 1949. *Id.* at 98 n. 1. The court then stated that:

> Congress knew of the Removal Act's prohibition on review when it added this broadly pre-emptive language [in the Magistrates Act]. Since Congress apparently chose not to exempt the Removal Act from the review provision of § 636(b)(1)(A), this Court concludes that a magistrate's remand order under § 1447 is subject to review by the district court.

*Id.* In other words, the court concluded that because the Magistrates Act was amended after the Removal Act was enacted, and without any reference to the Removal Act, the language of § 636(b)(1) trumped that of § 1447. *See also Tinkham,* No. 96–2058, slip op. at 6; *Weinberg,* No. 96–354, slip op. at 6. Likewise, I conclude that a district court's power to hear an appeal of a magistrate judge's decision on a motion to remand under § 636(b)(1)(A) is not limited by § 1447.

■ A court's power to hear an appeal may be negated, however, by a jurisdictional infirmity which undermines that court's subject matter jurisdiction. Therefore, concluding that this Court has the power to hear an appeal of a magistrate judge's remand order, notwithstanding the language of § 1447, does not end this Court's threshold inquiry in this present appeal.

■ In this Circuit, "once the court clerk mails a certified copy of the remand order to the state court . . . [the] district court jurisdiction terminates." *Campbell,* 912 F.Supp. at 120 (citing *McCandless,* 50 F.3d 217). Even in cases where a court clerk mailed the certified copy of a magistrate judge's remand order to the state court prior to the district court's review of that order, courts have held that the court clerk's act terminated the jurisdiction of the district court. *See Campbell,* 912 F.Supp. at 120; *see Tinkham,* No. 96–2058, slip op. at 7; *Weinberg,* No. 96–354, slip op. at 7.

Likewise, although the court in *City of Jackson,* 147 F.R.D. at 125, recognized that

---

**7.** Section 1447(d) provides in relevant part that: An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title [relating to civil rights cases] shall be reviewable by appeal or otherwise.

the court clerk's erroneous sending of the certified copy of the magistrate's remand order effectively denied the defendant the right to a review of the magistrate judge's order guaranteed by Fed.R.Civ.P. 72(a), the court held that it was "without jurisdiction to remedy this error." *Id.  See also MacLeod,* 886 F.Supp. at 19 ("the event that divests the district court of jurisdiction is the mailing of the certified copy of the order of remand to the clerk of the state court").

While this rule "seems to accord determinative weight to the ministerial act of mailing the order to the Superior Court," it also, as observed by the *Campbell* court, is "designed to establish a determinable jurisdictional event after which the state court can resume sole control over a case." *Campbell,* 912 F.Supp. at 120.  The Third Circuit has endorsed such a bright-line rule as "prevent[ing] delay in the trial of remanded cases by avoiding protracted litigation of jurisdictional issues." *Hunt v. Acromed Corp.,* 961 F.2d 1079, 1082 (3d Cir.1992).[8]

Accordingly, notwithstanding the general ability of a district court to review a magistrate judge's decision under § 636(b)(1), because the Clerk of the Court sent a certified copy of Magistrate Judge Kugler's remand order to the Superior Court of New Jersey, Law Division, Camden County, on August 6, 1996, this Court is without jurisdiction to review Magistrate Judge Kugler's decision.

Therefore, Comcast's Notice of Appeal will be dismissed for lack of jurisdiction.[9]

8.  While this result may appear somewhat anomalous in that an otherwise appealable non-dispositive order is rendered "non-appealable" by the Clerk's transmittal of the remand order to the state court, the remedy, if one is desirable, must come from Congress.

In an attempt to avoid this anomalous result, the court in *City of Jackson,* 147 F.R.D. at 125, resolved that it would "direct the clerk in the future not to certify a remand order entered by the magistrate judge until after the expiration of the ten-day [appeal] period provided by Rule 72(a)."  I will forward a copy of this opinion to the Lawyers' Advisory Committee of this District for the consideration of a possible amendment to the Local Rules of this Court incorporating the suggestion of the district court in *City of Jackson.*

9.  Even if this Court had elected to retain jurisdiction to hear the appeal on the merits, I would find that Magistrate Judge Kugler's remand order was neither clearly erroneous, nor contrary to law, and would therefore affirm his order. Moreover, even if the motion to remand were found to be a "dispositive" motion within the meaning of 28 U.S.C. § 636(b)(1), I would still affirm the decision below on the merits under the less deferential *de novo* standard of review for dispositive matters.  *See Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) (diversity jurisdiction exists over class actions only when the claim of each plaintiff exceeds the amount in controversy requirement); *Goepel v. National Postal Mail Handlers Union,* 36 F.3d 306 (3d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1691, 131 L.Ed.2d 555 (1995) (federal statute does not "completely pre-empt" state claims absent clear Congressional intent that the federal statute provide an exclusive federal remedy for the acts complained of); *Kozar v. AT & T,* 923 F.Supp. 67 (D.N.J.1996).